### REASE v. CLARKSVILLE COTTON OIL CO. (No. 2692.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 23, 1923. Rehearing Denied March 1, 1923.)

**Frauds, statute of 53—A verbal contract of employment for one year to begin in the future held not to be performed within a year from the making of it as required by the statute.**

A verbal contract of employment for a year, to begin when the party employed goes to work thereunder, several weeks after the contract is made, is not to be performed within "one year from the making of it," as required by Rev. St. art. 3965, and is not enforceable.

Error from Red River County Court; R. J. Williams, Judge.

Action by Alfred Rease against the Clarksville Cotton Oil Company. There was a judgment for defendant, and plaintiff brings error. Affirmed.

The suit is by the plaintiff in error for damages for breach of a parol contract of employment. The defense is that the contract was unenforceable under the statute of frauds because it was an agreement not capable of complete execution within a year from the making of it. The court sustained the motion of the defendant in error to strike out the evidence testified to pertaining to the contract, upon the ground that the statute of frauds was applicable thereto, and then peremptorily instructed the jury as follows:

"You are instructed that, as a matter of law, the plaintiff is not entitled to recover upon the evidence of a verbal contract alleged to have been made on August 1, 1920, for the reason that the contract as testified to is contrary to the statute of frauds."

Error is predicated upon the ruling of the court.

The appellant testified concerning the contract as follows:

"John W. O'Neal during the summer of 1920 was manager of the defendant's oil mill and business at Clarksville. On the last of July or August 1, 1920, I saw Mr. O'Neal in Clarksville in regard to a position as night superintendent of the oil mill. He made me an offer of $150 per month, to begin work when I got ready (that is, moved), and to continue for 12 months from the time that I went to work. This occurred on Monday. I went back to New Boston, my home. The following Thursday (August 5th) I called Mr. O'Neal over the telephone and told him that I accepted his proposition and would be ready to go to work as soon as I could get moved. My time was to begin when I went to work, and was to end 12 months from the time that I went to work. Thereafter, on August 23, 1920, I reported for duty and went to work under my contract."

Cross-examination.

"I made only one contract with Mr. O'Neal. It was made about three weeks before I went to work. He made me a proposition to work for $150 a month as night superintendent of the Clarksville Oil Mill. The following Thursday I telephoned him that I accepted his proposition to work for $150 per month for one year, my time to begin as soon as I could arrange to go to work, and that it was to continue for 12 months from the date I went to work. That was the only contract I ever made. It was not varied or altered at any time, and I am relying solely on that contract for recovery in this case."

There is no dispute about the contract, nor about the breach of it. The plaintiff in error worked under the contract, it appears, from August 23, 1920, to May 1, 1921. On May 1, 1921, the oil company, desirous of reducing expenses, discharged some of its employees, including the plaintiff in error.

Chambers & Dodd, of Clarksville, for plaintiff in error.

A. L. Robbins, of Clarksville, for defendant in error.

LEVY, J. (after stating the facts as above). The court did not err, we conclude, in excluding the evidence concerning the parol agreement and in directing a verdict for the defendant in error. The statute of frauds is for the purpose of preventing the reception of testimony which would otherwise be competent, and the fifth clause of article 3965, Revised Statutes, is applicable to the parol contract pleaded and testified to by the plaintiff in error. "Any agreement," according to the fifth clause of the above article, "which is not to be performed within the space of one year from the making of it," is unenforceable if it be not reduced to writing by the parties thereto. The language of the clause has the effect of expressly "limiting,"

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as stated in Bateman v. Maddox, 86 Tex. 546, 26 S. W. 51, "both the time of commencement and continuance" of the agreement such as it prohibits the enforcement of. The "one year" begins and is to be computed "from the making of it," the agreement. Consequently, such a contract as the one here in suit is within the terms of the statute. 2 Elliott on Contracts, § 1179; Moody v. Jones (Tex. Civ. App.) 37 S. W. 379; Publishing Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867. According to the evidence, on Thursday, August 5, 1920, the plaintiff in error acceded to the proposition of the manager of the oil company. In legal effect the contract on that date became instantly binding on the parties, and neither party could subsequently recede from the contract without the consent of the other. This contract was, by its terms, for a year's service; performance to begin at a future time appearing in the facts to be on August 23, 1920. The contract, as seen, by its terms is not capable of entire and complete execution within a year from the date of "the making of it," because the period of service agreed upon was to extend one year from the time "performance commenced." "Performance commenced" on August 23, 1920. Therefore there would not be an entire and complete execution of the contract, if its terms were followed, before and until August 23, 1921, showing an excess of 18 days above one year from the date of the making of the contract on August 5, 1920. The excess of 18 days from August 5th to August 23d was just as efficient as a longer period to render the agreement void under the statute. Indeed, an excess of the period of "one year," however short, is sufficient to satisfy the terms of the statute and make such agreement unenforceable.

Affirmed.