## SAN ANTONIO LIGHT PUBLISHING COMPANY v. H. J. MOORE.

### Decided May 1, 1907.

**1.—Contract of Employment—Pleading.**

In a suit for damages for the breach of a contract of employment, a pleading setting up a ratification and renewal of the contract by the defendant, considered and held not subject to the objection that it consisted of conclusions of the pleader.

**2.—Contract—Statute of Frauds.**

A parol contract entered into to begin at a future date and to run a year from such future date, is within the statute of frauds, and a part performance of such contract does not remove the bar.

**3.—Same—Consideration.**

When the first contract was void because not to be performed within one year, a subsequent contract relating to the same matter can not be said to be void on the ground that the parties only bound themselves to do what they were already bound to do.

**4.—Contract of Employment—Breach—Pleading.**

In a suit for breach of contract of employment it is not necessary for the petition to allege that plaintiff after his discharge endeavored to find work, or the amount of his earnings. This is defensive matter.

**5.—Same—Duty of Employee.**

It is the duty of an employee whose contract of employment has been breached to use reasonable diligence to obtain other work.

**6.—Corporation—Statement of Deceased Officer.**

The statute prohibiting a party to a suit to testify as to statements of a deceased person can not by construction be extended to actions by or against corporations.

#### ON REHEARING.

**7.—Void Contract May be Considered, When.**

A void contract may be looked to for the terms of any new arrangement made with express reference to the subject matter of the void contract.

Appeal from the Fifty-seventh District Court, Bexar County. Tried below before Hon. Arthur W. Seeligson

*Davis & McFarland,* for appellant.—A parol contract entered into upon a specific date, to begin at a future date, and to run a year from such future date, is void and unenforcible under the statute of

frauds, and a part performance of such a contract does not remove the bar of the statute so as to give a right of recovery. Rev. Stats., art. 2543; Moody v. Jones, 37 S. W. Rep., 379.

If appellee, after a reasonable time, could not, by reasonable diligence, secure the same character of employment he had when discharged, then, in that event, it became his duty to seek other employment for which he was fitted, and all appellant had to do to defeat a recovery was to allege and prove that other compensation could have been earned and was not earned. Simon v. Allen, 76 Texas, 399; Kramer v. Wolf Cigar Stores Co., 91 S. W. Rep., 777; Weber Gasoline Engine Co. v. Bradford, 79 S. W. Rep., 48.

*Frank H. Wash* and *W. W. Walling,* for appellee.

JAMES, CHIEF JUSTICE.—Appellee brought this suit against appellant in the District Court of Bexar County, 57th Judicial District, to recover the sum of two thousand dollars, alleging in his first amended original petition, in substance, that on or about November 20, 1905, defendant, through its then president and general manager, T. B. Johnson, employed appellee from January 1, 1906, to December 31, 1906, in the capacity of manager of the advertising department of appellant; that said contract of employment was oral and not in writing; that appellee was to receive under his said contract of employment a certain specified sum per week, to wit: $35 at first and later $40 per week, and certain other things by him denominated perquisites; that subsequent to the making of said oral contract, and to wit: on or about January 10, 1906, defendant, through its said president and general manager, orally renewed and ratified said oral contract; and that appellee continued to work under his said oral contract and renewal thereof until about June 9, 1906, when he was, in violation of his alleged contract, wrongfully discharged by appellant.

Appellant answered by a general demurrer, special exceptions, a general denial, and a special answer, alleging that appellee's contract, if any, made November 20, 1905, was within the statute of frauds, and therefore unenforcible in law; that if appellee had a contract it was from week to week and terminable at the end of any week, at the will and pleasure of appellant, without notice to appellee; that appellee, if he had a contract as alleged, and none was admitted, neglected, failed and refused to perform the work which he was employed to do, and that he was wholly incompetent to do such work; that if appellant had a contract with appellee, and none was admitted, the same was unauthorized and void; that if appellee renewed, ratified and confirmed the said oral contract of date November 20, 1905, between the parties to this suit, there was no sufficient consideration for same, and therefore said renewal contract could not form a basis for a recovery herein; and that appellee at all times failed to seek the same kind of work, mentioned in his petition, or any other kind of work so as to reduce the amount of his alleged damages. Appellant further alleged certain offsets in the nature of a cross action, aggregating four hundred seventy-seven and fifty one-hun-

dredths dollars. Appellee filed his first supplemental petition, which contained special exceptions and a general denial directed at appellant's said answer. The case was tried before a jury, and resulted in a verdict in favor of appellee as against appellant for the sum of nine hundred dollars.

Under assignments of error Nos. 1 to 12 inclusive appellant makes the following propositions:

1. The allegation in the petition, "That on January 10, 1906, said contract was again renewed, ratified and confirmed by defendant," were but conclusions of the pleader, and the facts showing a contract renewed or confirmed should have been alleged.

2. A parol contract entered into to begin at a future date and to run a year from such future date is within the statute of frauds and a part performance of such a contract does not remove the bar.

3. A consideration is essential to every contract and in a suit upon same the pleading must disclose a consideration.

4. No action can be maintained in Texas upon any agreement which is not to be performed within the period of one year from the making thereof.

5. A contract unenforcible under the statute of frauds can not be ratified or confirmed by corporate officers.

6. Every novation or new obligation must be founded upon a lawful consideration.

The petition was not bad on special demurrer upon the ground stated in above proposition No. 1, when the entire allegation is taken into consideration, which is as follows: "That thereafter, to wit, on or about January 10, 1906, the aforesaid contract was again renewed, ratified and confirmed by defendant by and through its president and general manager, T. B. Johnson, by said president and general manager instructing plaintiff to continue in the employment of said company under his contract as previously set out, for the time stated, and in consideration of the said plaintiff so continuing in the employment and in consideration of the mutual agreements aforesaid and of plaintiff agreeing to so continue to work until the end of the year, to wit: until the 31st day of December, 1906."

We think with appellant that the original contract alleged was within the statute of frauds. Moody v. Jones, 37 S. W. Rep., 379. And also that part performance under such contract would not give it vitality. Upon this theory the original contract was not obligatory upon the parties, and in law it was no contract. It must follow that the arrangement alleged to have occurred on January 10, 1906, was the only enforcible contract stated by the petition, and that if the allegations in reference thereto showed it to possess the elements of a contract, and embrace the allegations of a consideration supporting it, then that it was not within the statute of frauds, because it had reference to a term of employment which was to expire within a year from said date.

Neither party being bound by the first arrangement, it can not be said that the second arrangement was not a contract because it involved the performance of things the parties were already bound to perform. Their minds then met on the terms of the plaintiff's em-

ployment. It was as if the parties had made an original contract on January 10, rather than a renewal of the first one, and upon this view it can not be doubted that the petition sufficiently alleged the elements of a contract including a consideration involved in the mutual agreements stated. We think these remarks reach all the above propositions.

Assignments 13 to 19 are grouped. There is some difficulty in passing on the propositions under them owing to the manner of briefing. The 13th and 14th assignments are not well taken for the reason that it was not necessary for the petition to allege that plaintiff after his discharge endeavored to find work, or the amount of his earnings. Pacific Ex. Co. v. Walters, 93 S. W. Rep., 496.

The remainder of the above assignments depend to a certain extent on the testimony of what plaintiff did in regard to getting employment of the same nature, or other work, after he was discharged. There was testimony that he endeavored to some extent to get like work and failed. There was testimony that he made efforts to obtain work in his line generally, and to what extent he succeeded. He was only required to make reasonable efforts and the jury was the proper judge of such matters. Therefore we must overrule the 16th and 17th assignments which complain of the refusal to set aside the verdict for the reason that the undisputed evidence shows that plaintiff did not in good faith seek employment of the same kind, or of any kind. We also overrule the 19th because it also is based on the assumption that there was no evidence that plaintiff made an effort to secure employment.

The 18th assignment is that the court erred in its charge as to the amount plaintiff was entitled to recover, in that it failed to charge the jury that the reasonable value of plaintiff's services during the time he did not work should be deducted from the contract amount, because the undisputed evidence showed that plaintiff's services were worth $55 per week and the specific number of weeks from the time of his discharge to the termination of his contract was in evidence. The evidence which this refers to as undisputed was the testimony of plaintiff that from the time he left defendant's service and up to the end of his contract his services were reasonably worth $55 per week, and appellant contends that he could have earned that sum had he desired to do so. His testimony was not that he had been able to earn that sum outside of defendant's service, and had no reference to such matter. Therefore, the assignment is overruled.

The 15th is that the court erred in refusing to give defendant's special charges 1, 2, 5 and 6; but there is no special proposition under them unless it be one or both of the propositions submitted under all of the said assignments. We copy these two propositions:

1st. "It is sufficient for the employer when sued by a servant for an alleged breach of a salary contract to show that the servant could have earned by the exercise of reasonable diligence other compensation, and the employer is entitled to deduct the same, whether the servant availed himself of an opportunity to earn other wages or not."

2d. "If appellee, after a reasonable time could not by reasonable diligence secure the same character of employment, then and in that event it became his duty to seek other employment for which he was fitted, and all appellant had to do to defeat a recovery was to allege and prove that other compensation could have been earned and was not earned."

The special charge No. 1 referred to in the said 15th assignment complains of the refusal of a charge in effect that if plaintiff did not make reasonable efforts to secure employment of the kind and character of the work he was employed to do for defendant, he could not recover at all. This was not the law, for it must also have appeared in order to bar his recovery that he would have found such work had he made reasonable effort.

The special charge No. 5, mentioned in said assignment No. 15 sought to conform with the rule just expressed and read as follows:

"Gentlemen of the jury, you are charged that if you believe from the evidence in this case that the plaintiff did not make a reasonable effort to secure work similar to the kind, if any, he was doing at the time he was discharged, and if you further believe from the evidence that he could have secured, by reasonable diligence, work, similar to that he was doing at the time of his discharge, if any, and failed to do so, then you will return a verdict for the defendant."

The charge was, however, properly refused we think for two reasons: 1st. In order for plaintiff to be cut off entirely from recovery because had he made reasonable effort to secure work of like kind, he could have found it, it should have appeared also that such employment would have continued throughout the term of plaintiff's contract with defendant, and if the charge asked had been given the jury might have been induced thereby to render a verdict for defendant if such employment could have been secured for a part of the time only or for a less salary. And 2d, because no evidence was adduced which went to show that such employment could have been secured by plaintiff, and the burden of sustaining the defense was upon defendant.

The second of the special charges mentioned in assignment 15 appears substantially in the court's charge.

The sixth special charge was as follows: "If you believe from the evidence that plaintiff after a reasonable time after his discharge, could have secured employment of a different kind from that he was doing at the time of his discharge, and failed to make a reasonable effort, if any, then he cannot recover in this case and you will return a verdict for the defendant." The charge would have been improper unless qualified so as to apply only to such time or times as such work could have been had and from which he could have earned the same compensation. Besides it was undisputed that plaintiff did secure and do other work during the period of his contract to a certain extent.

The 20th and 29th assignments are based upon the false premise that the undisputed evidence was not that plaintiff did not tender his services to defendant after his discharge. The error complained

of goes to the court's charge which authorized the jury to find that a recovery might be had if plaintiff was ready, able and willing to continue his duties under the contract. The charge was supported in this by plaintiff's testimony.

The 21st assignment claims there was error in permitting plaintiff to testify that, following a custom, on or about November 20, 1905, he went to Mr. Johnson and asked him if his services were satisfactory and if he cared to make a renewal of the contract, and he said: "I want you to keep on with me for 1906, the coming year, as you have heretofore, I am going to give you a raise as soon as I am able."

The 22d is that there was error in permitting plaintiff to testify: "I went to Mr. Johnson (in January, 1906) and asked him how any change in the sale of the 'Light' would affect my contract. He said, 'There is nothing in it.' I told Mr. Johnson of the rumors I had heard concerning the sale of the 'Light' and asked how a change of that kind would affect my contract. He said: 'There is nothing in it. Judge Walling has an option which expires in February and after that the 'Light' is not for sale. I want you to go ahead and work under the contract as you have heretofore.' I accepted the offer and continued to work under that agreement until the night of June 9, 1906" (when he was discharged).

The 23d is that the court erred in allowing plaintiff to testify: "I told them (J. D. Robbins and H. C. Schumacher) that I had a contract which did not expire until December 31, 1906, and that under that contract I tendered my services."

We must deal with the propositions which appellant advances under the above assignments.

The first is that "this is a suit upon an express contract and not upon a custom, hence evidence of a custom was inadmissible." This relates to the assignment 21. It is evident that the reference to a custom was an immaterial matter which did not affect the substance of the testimony.

The second is "that there must be a legal consideration to support a renewal of a contract." This has been already disposed of.

The third is "that an oral contract not performable within one year from the date of its making and not renewed by a sufficient consideration, is within the statute of frauds and void." This has also been sufficiently discussed and disposed of.

The fourth is that "the facts constituting the renewal of a contract must be stated, not the mere conclusion of the witness." This also has been disposed of.

The seventh is "that a contract within the statute of frauds is void and cannot be renewed or ratified by a corporate officer." This is overruled because the officer in this instance was T. B. Johnson the President and General Manager of the appellant company. He had the same power to make a contract for defendant in the month of January, 1906, as in November, 1905.

The fifth proposition is that "it is hearsay for a witness to detail before the jury the statement of a deceased person." (It appears

that Johnson was dead at the time of the trial.)   The proposition in its reference to the testimony complained of cannot be sustained.

The sixth proposition is that "it is error for a witness to detail statements of a deceased person for the reason that it is, in effect, a denial of the right of cross examination by the opposing party." This is not the law unless the testimony comes within the statute prohibiting a party to testify to statements of a deceased person, which is a point not made in any proposition. If by any possible construction either of the said assignments themselves or of the several propositions such a question is presented we think the statute does not in terms and cannot by construction, be extended to apply to actions by or against corporations, this defendant being a corporation.

We overrule assignments 24 to 28 inclusive, because the testimony was properly excluded, being hearsay.

We believe we have considered all points raised.   Affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

What was done on January 10, in the transaction between plaintiff and T. B. Johnson, defendant's manager, was sufficient, we think, to show a contract then made.   It is true plaintiff went to Johnson and had his talk because of his fear that an expected change in the management might affect the arrangement he was then working under.   The question, however, is what was done in that interview, and was a contract then and there made?

There is no question of novation in the case, because the first contract was void.   Something more was done on that occasion than a mere restatement of the terms of that contract.   Johnson did not stop with telling plaintiff that there was little or nothing in the rumor.   He went farther and told him that he wanted him to go ahead and work, under the contract, as he had theretofore done, which meant he ·requested him to go ahead and render the company the same services as that contract provided.   Plaintiff says he agreed to do this.   This was unquestionably sufficient as a contract of employment.   We have no doubt that the first contract, though void as a contract, could be looked to for the terms of any new arrangement made with express reference to its subject matter.

Appellant states in his motion that plaintiff did not allege nor prove a new contract, but alleged that the former contract (which was void) was renewed, ratified and confirmed.   The petition, however, sets out the facts as to what was done on January 10, and if these facts which were substantially proved, were sufficient to constitute a contract, it is manifestly immaterial how plaintiff may have styled the contract in his pleading.   The motion is overruled.

*Overruled.*

Writ of error refused.