## GREAT ATLANTIC & PACIFIC TEA CO. v. WARREN.

### No. 4107.

Court of Civil Appeals of Texas. Texarkana.
Nov. 18, 1931.

Rehearing Denied Nov. 26, 1931.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Wallace, Malone, W. C. Prewitt, and A. J. Power, all of Fort Worth, for appellee.

WILLSON, C. J. (after stating the case as above).

It conclusively appeared from the evidence (as we understand it) that the contract sued upon was not in writing, was entered into October 1, 1929, and was for appellee's services as manager of appellant's meat market for one year beginning October 7, 1929. The facts being as stated, appellant insists it appeared the contract was within the inhibition in subdivision 5 of article 3995, Rev. St. 1925, against the bringing of an action "upon any agreement which is not to be performed within the space of one year from the making thereof." Appellant cites cases (Moody v. Jones (Tex. Civ. App.) 37 S. W. 379; Publishing Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867; Stovall v. Gardner (Tex. Civ. App.) 103 S. W. 405; and Rease v. Oil Co. (Tex. Civ. App.) 248 S. W. 434) which seem to support its contention and which we would follow but for the holding of the Supreme Court in Ry. Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 860, 28 L. R. A. 526, and the holdings in Ford Motor Co. v. Maddox Motor Co. (Tex. Civ. App.) 3 S.W.(2d) 911, 915; Lennard v. Lumber Co., 46 Tex. Civ. App. 402, 94 S. W. 383; Erwin v. Hayden (Tex. Civ. App.) 43 S. W. 610; Parsons v. Parsons (Tex. Civ. App.) 275 S. W. 200. In the Wood Case the Supreme Court said: "The statute only applies to contracts 'not to be performed within the space of one year from the making thereof.' If the contingency [the death of appellee in the instant case] is such that its happening may bring the performance within a year, the contract is not within the terms of the statute, and this is true whether the parties at the time had in mind the happening of the contingency or not. The existence of the contingency in this class of cases, and not the fact that the parties may or may not have contemplated its happen-

ings, is what prevents the agreement from coming within the scope of the statute." In the Motor Company Case this court in an opinion by Judge Hodges said: "A contract which expressly provides for obligations to be performed during a period of more than a year but which may upon. the happening of some contingency be fully performed within less than a year is not obnoxious to the statute of frauds. It has been held that, if the contract evidences a personal undertaking which ends with the death of one or more of the parties, it comes within that class of contracts which may be performed within less than one year, regardless of the contractual period named. Ry. Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526; Warner v. T. & P. R. R. Co., 164 U. S. 418, 17 S. Ct. 147, 41 L. Ed. 495."

Other contentions than the one specified are presented in appellant's brief, but we think none of them show error requiring a reversal of the judgment. Therefore it is affirmed.