# OCTOBER, 1948

### EDWIN J. CHEVALIER V. LANE'S, INCORPORATED.

No. A-1639. Decided June 30, 1948.
Rehearing overruled October 6, 1948.
(213 S. W., 2d Series, 530.)

*Lamar Hart, Cecil & Keith* and *Louis H. Beard,* all of Beaumont, for petitioner.

The Court of Civil Appeals erred in holding that the oral agreement between petitioner and respondent to the effect that petitioner was to work for a period of one year from March 1, 1945, was not taken out of the statute of frauds and made an enforceable contract because petitioner commenced and continued in the employment of respondent for a period of six months from said date, fully performing his portion of the oral agreement during such period. And also in holding that upon the contingency that the petitioner might die during the period of less than a year from the making of the contract did not take the agreement out of the statute of frauds. Frey v. Pearson, 168 S. W. (2d) 886;; Stanfield v. Texas Power Corp., 13 S. W. (2d) 432; Wright v. Donaubuer, 137 Texas 473, 154 S. W. (2d) 637; Roberts v. Carlisle, 287 S. W. 110.

*Orgain, Bell & Tucker* and *John G. Tucker,* all of Beaumont, for respondent.

The oral contract plead and testified to by petitioner contained no contingency whatsoever and no provision that death would be a contingency which would terminate the contract, and the Court of Civil Appeals correctly held that the oral contract sued upon was within the statute of frauds and unenforceable. Mony v. Jones, 37 S. W. 379; Frances v. Thomas, 129 Texas 579, 106 S. W. (2d) 257; Robertson v. Melton, 131 Texas 325; 1 LeBatt's Master and Servant, 2d Ed., 453.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

An evident conflict in our decisions complicates this otherwise simple case involving application of the Statute of Frauds (Art. 3995, R. C. S. 1925) to an oral contract of employment for the term of a year to begin some time after the date on which the contract was made. The Statute recites that "no action shall be brought * * * in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith * * *" and then enumerates in separately numbered paragraphs the various types of agreements falling within its terms, including paragraph 5, which reads as follows: "Upon any agreement which is not to be performed within the space of one year from the making thereof."

The Statute was first enacted in Texas on January 18, 1840 (Acts of 1840, p. 28; Gammel's Laws, Vol. 2, p. 202; Oldham and White's Digest, Art. 936; the wording of the particular provision in question being then the same as its counterpart in the 1677 statute of King Charles II. (Warner v. Texas & Pacific Railway Company, 164 U. S. 418, 41 L. Ed. 495, 498, 17 Sup. Ct. 147) and the same as paragraph 5 above quoted.

The agreement here in suit provided for a regular monthly salary to be paid currently and also, according to plaintiff employee's version, which was accepted by the jury, bonuses of $1,500.00 each at the end of the first and last six months of employment respectively. The employment period was fixed in calendar terms, so to speak, and contained no reference to the possible death of plaintiff or other contingency that might prematurely terminate the arrangement. Plaintiff was dismissed at the end of the first six months without cause. He had been currently paid his agreed monthly salary up to that time but was denied payment of the $1,500.00 bonus then due and sued to recover it under the agreement. No other or alternative cause of action is alleged. Notwithstanding a verdict favorable to the plaintiff, the trial court rendered judgment for the defendant, which was affirmed by the Court of Civil Appeals. 208 S. W. (2d) 113.

Only two questions are involved in this court: first, whether the agreement is within the prohibition of the statute, notwithstanding the possibility of termination within less than a year by reason of plaintiff's death, which would obviously render fur-

ther performance of such an agreement impossible; and, secondly, whether, if within the statute, the agreement is nevertheless enforceable by reason of the performance actually rendered by the plaintiff.

On both questions the Court of Civil Appeals considered our 1936 decision in Paschall v. Anderson, 127 Texas 251, 91 S. W. (2d) 1050, as conclusive against the plaintiff. That case involved an oral employment contract indistinguishable on principle from the agreement here, and under which the plaintiff-employee had served, not half the contract term as here, but the full term. On authority of the Court of Civil Appeals decision of Moody et al v. Jones, 37 S. W. 379, the agreement was held to be within the statute and not taken out by the plaintiff's full performance. In 1942, that is some six years after Paschall v. Anderson, this court in effect reaffirmed that decision by refusing a writ of error in the case of Jackman v. Anheuser-Busch, Inc., 162 S. W. (2d) 744, in which, under substantially similar facts, the employee was denied recovery. Paschall v. Anderson is in accord moreover with the 1907 decision of San Antonio Light Publishing Co. v. Moore, 46 Texas Civ. App. 259, 101 S. W. 867, 869, in which a writ of error was refused.

On the question of whether the agreement falls within the Statute, the foregoing line of authority conflicts with our action in refusing a writ of error in the 1931 case of Great Atlantic & Pacific Tea Co. v. Warren, 44 S. W. (2d) 510. The opinion in the latter case repudiates Moody v. Jones, supra, upon which Paschall v. Anderson, supra, relied later, and declares the Statute to be inapplicable by virtue of the 1895 decision of Weatherford, Mineral Wells & Northwestern Railway Company v. Wood, 88 Texas 191, 30 S. W. 859, 28 L. R. A. 526, and certain decisions of the Courts of Civil Appeals based upon the Wood case.

The Wood case is thus the source of the conflict on the question at issue. The agreement in that case was oral and provided merely "to pay Wood $800.00 cash and issue him a pass over the road for himself and family for a period of ten years, the pass to be issued annually on the first of each year, and to stop its trains at his house to let him and his family get on and off whenever they deseired to do so during said ten years." The defendant railway company paid the cash obligation but after two years defaulted on the others. This Court held that since the arrangement was personal to plaintiff Wood or to him and his family, and would necessarily terminate on their death, which

could have occurred within a year from the making of the agreement, the latter was not one "not to be performed within the space of one year * * *," regardless of whether the parties ever had the possibility of death in mind. There is no logical distinction for purposes of the Statute between the agreement in the Wood case and an agreement to employ a person for more than one year as in Paschall v. Anderson. Yet the opinion in Paschall v. Anderson fails to mention either the Wood case or Great Atlantic & Pacific Tea Co. v. Warren, supra, which followed it; nor have either of the latter been referred to as overruled by Paschall v. Andereson.

The above described confusion in the decisions obviously compels a re-examination and restatement of the law on the subject matter.

■ The principle of the Wood case seems overly broad and has been condemned by recognized authority. In the Revised Edition of Williston on Contracts, Vol. 2, p. 1449, Sec. 496, the authors state: "It is possible under any contract whatever, that some supervening circumstance may excuse the promisor from liability within a year; and in any personal contract, the possibility of death is the same as in promises to support." The footnote to this part of the text states in part: "This reasoning is used in Weatherford, etc., Ry. Co. v. Wood, 88 Texas 191, 30 S. W. 859, 28 L. R. A. 526, to support the extraordinary conclusion that a contract to give a free annual pass for ten years is not within the Statute." The opinion in the Wood case approximately emphasis the negative character of the phrase, "not to be pereformed within the space of one year," but while making this more or less technical approach, it withdraws all technical significance from the word "performed", and treats it as the equivalent of "lawfully terminated". For example, an agree-agreement to sell the output of a factory for two years may well be *avoided* on the destruction of the factory within six months, but is it "performed"? On the other hand, if A agrees to work for B for the term of A's life or until the happening of some other fortuitous event, and does so work until the event occurs, A may accurately be said to have "performed". Upon the basis of this distinction, it has been held in many jurisdictions that, while an agreement such as that last mentioned is not subject to the Statute, an agreement to work for a definite period of more than one year from the contract date, as in the instant case, is within the Statute. See cases collected in footnotes 5 and 11 to Section 495, Williston on Contracts, supra, at pages 1443 and 1447 respectively. The distinction is also approved by the Ameri-

can Law Institute in its Restatement of the Law, Contracts, section 198, Illustrations 2 and 3, p. 263, and was adopted in the 1942 case of Jackman v. Anheuser-Busch, Inc., supra, in which this Court refused a writ of error, although the Court of Civil Appeals in that case apparently mistook the Wood case for one involving a "for life" type of agreement. To the criticism that the distinction is more technical than substantial, it may well be answered that the ancient statute is itself rather technically worded. We accordingly restate the rule so that where, by the terms of the oral agreement, its period is to extend beyond a year from the date of its making, the mere possibility of its termination by operation of law within the year, because of death or other fortuitous event, does not render paragraph 5 of the Statute inapplicable, but that, on the other hand, where the agreement may, by its own terms, be fully performed within the year as, for example, the agreement in Wright v. Donaubauer, 137 Texas 473, 154 S. W. (2d) 637, for employment dur- the term of a man's life, the Statute does not apply. By the foregoing we necessarily approve the above mentioned line of authority represented by Paschall v. Anderson, supra, and overrule the line represented by Weatherford, Mineral Wells & Northwestern Railway Company v. Wood, supra, and Great Atlantic & Pacific Tea Co., v. Warren, supra. We also take occasion here to reaffirm our holding in Wright v. Donaubauer, supra, though it was not immediately involved in the conflicts above discussed.

We believe the law, as above restated, to be more in accordance with the weight of authority both within and without this state than the rule of the Wood case and more harmonious than the latter with the fundamental objects of the Statute. Certainly the construction followed in the Wood case would permit parol proof of a far wider class of contracts than does the interpretation here approved.

■ It follows that the Court of Civil Appeals in the instant case correctly held the agreement to be within the prohibition of the Statute. The remaining question is plaintiff's contention that his six month's actual service under the agreement made it enforceable notwithstanding the Statute, to the extent of the $1,500.00 bonus due at the end of that six-month period. We think the Court of Civil Appeals properly rejected this contention also on the strength of Paschall v. Anderson, supra. As already stated, that case was one in which the plaintiff employee had served for the full term of the agreement, so is applicable to the instant case even if we treat the latter as one of complete

performance instead of performance for a mere half of the service period. On this point we fail to find any conflict between the holding in Paschall v. Anderson and our dismissal of the writs in the cases of Stanfield v. Texas Power Corp., 13 S. W. (2d) 432, and Southern Old Line Life Ins. Co., v. Mims, 101 S. W. (2d) 396. In the Stanfield case, which arose on general demurrer to the petition, the contract as declared on was not clearly within the Statute regardless of actual performance, and this Court may well have so considered the matter in acting on the writ. The statement in the Mims case on the subject of actual performance was merely by way of an alternative ground of decision, so was not necessarily approved by our action on the writ.

A view contrary to Paschall v. Anderson has, it is true, been taken by some authorities such as the American Law Institute, supra, p. 262, par. 198, but we nevertheless regard the case as sound on principle within its self-imposed limits. Enforcing a forbidden parol agreement notwithstanding the Statute is not just a matter of relieving against hardship. The Legislature naturally contemplated that such a statute would impose hardship on those who might contract in ignorance of its terms. But the Statute unmistakably declares a policy that parol testimony is too unreliable for proof of certain types of agreement, and courts must give heed to that policy as well as to considerations of an equitable character. They have done so in cases arising under other sections of the Statute than that involved here—for example, the case of a parol sale of land, in which "full performance", in the sense of full payment of the consideration by the purchaser, is held not to make the contract enforceable unless accompanied by other circumstances, such as change of possession and erection of valuable improvements. These accompanying circumstances are important not merely as equities but also as "* * * at least a corroborative fact that the contract was actually made." Hooks v. Bridgewater, 111 Texas 122, 129, 229 S. W. 1114, 1117, 15 A. L. R. 216. The same principle is expressed in somewhat different form in Francis v. Thomas, 129 Texas 579, 106 S. W. (2d) 257, as follows:

"* * * There is nothing in the nature of these acts which suggests the existence of a contract. The sale of oil leases to one party does not suggest the existence of a prior oral contract with another party to convey royalty interest in consideration therefor. Every act of plaintiff may be explained quite separate and apart from any alleged oral contract and no act is 'unequivocally referable' thereto. These acts do not tend to prove

the existence of the parol agreement relied upon by plaintiff. Clegg v. Brannan, 111 Texas 367, 234 S. W. 1076; Lechenger v. Merchants' National Bank (Tex. Civ. App.) 96 S. W. 638 (error ref.); Burns v. McCormick, 233 N. Y. 230, 135 N. E. 273. From this last authority we quote:

" 'There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing.

" 'An Act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance.' Woolley v. Stewart, 222 N. Y. 347, 351, 118 N. E. 847, 848.

"What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done."

If in the case of an employment contract for the term of more than one year from its making, the employee should have worked the full term without receiving any compensation at all, or if, on the other hand, the employer had paid the compensation for the entire term at the very outset, such circumstances, even though ultimately resting in parol, might well be sufficiently "corroborative" of or "referable to" the claimed agreement to justify a judicial departure from the Statute. But no such circumstances were present in Paschall v. Anderson, and the record discloses none in the instant case.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion delivered June 30, 1948.

MR. JUSTICE SIMPSON concurring.

The result, as I see it, is right. The better view seems to call for a departure from so much of the Wood case as takes a contract not to be performed within a year out of the operation of the statute of frauds merely because one of the parties might die within the year. But the holding of the main opinion goes further than I think necessary or proper and cites Paschall v. Anderson, without challenging its holding that full performance of peresonal services under an oral contract not to be fully

performed within a year does not take the contract out of the bar of the statute and entitle the employee to recover what his employer had agreed to pay him. In such a case the employee has done the work and there is nothing left for his employer to do but pay what he had promised. This he should be made to do. It is reasoned in this connection that the statute was meant to prevent, not to aid, the perpetration of a fraud. Now the case at bar involves partial performance of a statutorily inhibited oral contract for personal services. The main opinion correctly holds in effect that in the absence of special equitable considerations, none of which appear here, partial performance by the employee will not bar the employer from raising the statute as a defense. The employee's remedy is ordinarily a suit for the reasonable worth of his services, or, put another way, in quantum meruit. The employee did not show himself entitled to a recovery on this basis. The judgment was rightly against him.

But there is no need to cite or rely on Paschall v. Anderson, which not only involves a different fact situation but is, I submit, against the great weight of authority and much the better reasoning. When a state of facts like that in Paschall v. Anderson arises, it is my hope that this court will not regard the opinion as authoritative. Overruling the Wood case places Texas in line with the more widely accepted rule that the possibility of death does not take a contract like the one in this case out of the statute of frauds. If at the same time we departed from Parchall v. Anderson, it would finish the task of lining Texas up with definitely the majority as well as what I think much the better view that full performance by the employee or an oral contract required by the statute of frauds to be in writing because not to be performed within a year takes the contract out of the statute. Diamond v. Jacquith, 14 Ariz. 119, 125 Pac. 712, L. R. A. 1916D 880 and note beginning at p. 890; 49 Am. Jur., Statute of Frauds, sec. 554; 37 C. J. S., Statute of Frauds, sec. 251; 20 Tex. Jur., Statute of Frauds, sec. 50; Restatement of Contracts, sec. 198. Perhaps, because of differing facts, this case is not the right occasion for overruling Paschall v. Andereson. What I earnestly hope is that the correctness of that decision will be deemed open for further consideration in this State.

Opinion delivered June 30, 1948.

### ON MOTION FOR REHEARING.

MR. JUSTICE GARWOOD, delivered the opinion.

In the motion for rehearing, able counsel representing the petitioner in the appellate courts urges that, even should we adhere (as we do) to our holding that there was no error below, we, nevertheless, reverse and remand the case to the trial court, to enable petitioner to amend and sue in quantum meruit. Conceding, for argument, that trial court counsel not unreasonably thought we would overrule Paschall v. Anderson, 127 Texas 251, 91 S. W. (2d) 1050, and further conceding that the request for remand is properly made for the first time at this late stage of the proceedings, it must yet be denied. The provision of Rule 505, Texas Rules of Civil Procedure, authorizing the Court to "reverse and remand the case to the lower court, if it shall appear that the justice of the case demands another trial" obviously does not refer to a situation in which there was no error below upon which to predicate a reversal. Our law does not contemplate remands for new trial except in connection with reversals and does not permit reversals except for errors. Scott et al v. Walker, 141 Texas 181, 170 S. W. (2d) 718, and cases cited. The decisions cited for petitioner, to wit, United Gas Corporation v. Shepherd Laundries Co., Inc., 144 Texas 164, 189 S. W. (2d) 485, and Hall v. O. C. Whitaker Co., 143 Texas 397, 185 S. W. (2d) 720, were both cases in which error was committed by the trial court and reversals had accordingly.

The motion for rehearing is overruled.

Opinion delivered October 6, 1948.