**RICE v. THOMPSON.**

No. 12225.

Court of Civil Appeals of Texas. San Antonio.

March 28, 1951.

Rehearing Denied April 25, 1951.

Rice, Waitz & Rice, San Antonio, for appellant.

Moursund, Ball, Moursund & Bergstrom, San Antonio, for appellee.

NORVELL, Justice.

The appellant, Robert H. Rice, operating under the name of Mineral Products, was the owner of a manufacturing plant located at Burnet, Texas, where building materials and commercial products were manufactured from a mineral known as vermiculite under license from the Universal Zonolite Company. The appellee, Jack Thompson, was employed by Rice and the question involved in this lawsuit is whether Thompson was employed upon a commission basis or upon a salary basis. J. L. Essex was working for appellant on October 1, 1945, when Thompson was first employed, and it is undisputed that under the original agreement of employment both Essex and Thompson were entitled to certain commissions upon the sales of products manufactured. However, on or about June 30, 1946, Essex left the employ of appellant and a new agreement was entered into by Thompson and Rice. Although the prior agreement with Essex was in writing, the new agreement with Thompson was oral. It is Thompson's contention that Rice agreed to pay him for his services a commission of ten per cent upon the amount of gross sales of the company, and "that the contract was to run for an indefinite period of time with a settlement on an annual basis, in that settlement was to be had each year for the period ending December 31st as soon as the annual audit for that year was completed.". Appellant contended that under the agreement of June 30, 1946, he was obligated to pay the appellee a salary only. It is shown that certain definite sums per month were paid to Thompson and that he was reimbursed for certain expenses in-

curred. Thompson contended that these payments were not made to him as salary, but were advances drawn against commissions earned and for which settlement was to be made at the end of the year.

The controlling issue, i. e., that of commission or salary, was submitted by the trial court and answered by the jury as follows:

"Do you find from a preponderance of the evidence that the defendant, Robert H. Rice, on or about June 30, 1946, agreed to pay the plaintiff, Jack Thompson, for his services a commission of 10% on gross sales from July 1, 1946, to July 1, 1948?

"We, the jury, answer: Yes."

Judgment for Thompson was rendered upon this verdict, and is attacked here by appellant upon the grounds, inter alia, (1) that the above finding shows affirmatively that the agreement described therein was proscribed by the statute of frauds, Article 3995, subd. 5, Vernon's Stats., and (2) that the finding is not supported by the evidence.

Appellee contends that the verdict is to be construed in the light of the evidence, that when this is done, it must be held that "the jury found in answer to the issue that appellee was employed upon a commission contract, which was made on or about June 30, 1946, for an indefinite length of time and that the appellee *worked under such contract* until July 1, 1948." Appellee argues that this was the clear understanding of the parties "as well as the trial court and the basis on which same was submitted to the jury and found by them in favor of appellee," and that "it is obvious to see that the dates on the end of the issue do not inquire of anything in dispute between said parties and that the controlling issue made by the pleadings and evidence is whether the appellant agreed to pay the appellee on a commission basis or upon a salary." It is urged that the phrase relating to said dates, July 1, 1946, and July 1, 1948, is superfluous and hence should be ignored.

While we readily agree with appellee that jury findings must be construed in the light of the evidence, there is a definite limitation upon constructions that may be arrived at by this process. Ambiguities may be explained and indefinite expressions rendered certain, but, obviously, if trial by jury is to be preserved, a jury finding can not be construed or contorted into one which is at variance with the plain meaning of the words employed in stating the issue. Lawsuits must be controlled by rules having some universality of application, and the greater good is often served by suffering some individual delay, expense or hindrance rather than to unduly constrict the operation of universals by which all litigants must be governed if equality before the law is to be preserved. Numerous minute categories, each barely distinguishable one from another, can not be recognized.

The jury finding is that Robert Rice agreed to pay Jack Thompson a commission of 10% on gross sales from July 1, 1946, to July 1, 1948. By no construction, short of mutilation, can it be said that the *agreement* did not extend over a period of two years.

There is no evidence supporting the jury's finding as written and all parties seem agreed as to that. We decline to follow appellee's suggestion that a part of the wording contained in the finding may be ignored, and that we should conclude that the jury found something different from what it said was found by the plain meaning of the words employed.

The issue submitted probably includes a mixed question of fact and law. An issue as to the wording of an agreement is one of fact. The legal effect of the agreement is a matter of law. It may be that the court sought to inquire as to whether an agreement was made which when coupled with two years' performance on the part of Thompson would entitle him to a commission of 10% on gross sales from July 1, 1946, to July 1, 1948, during which period of time appellee was working for appellant. But we cannot adopt this construction which might obviate one objection, but render the same objectionable for another reason. The statement that Rice agreed to pay Thompson "a commission of 10% on gross sales from July 1, 1946, to

July 1, 1948," must be taken as relating to a matter of fact and there is no support for such finding in the evidence.

■ Ordinarily, in a case where the evidence wholly fails to support a jury finding upon which the judgment is based, this Court will proceed to render judgment. However, in this case, although the objection of "no evidence" is undoubtedly good, the substantial defect is that the issue was improperly worded. For this reason the cause will be remanded rather than rendered. London Terrace, Inc., v. McAlister, 142 Tex. 608, 180 S.W.2d 619; 3–B Tex. Jur. 569, Appeal and Error, § 999.

■ What is true of the "no evidence" objection is likewise true of appellant's contention that the agreement *as found by the jury* was within the statute of frauds. While the objection is well taken, Chevalier v. Lane's Inc., 147 Tex. 106, 213 S.W. 2d 530, 6 A.L.R.2d 1045, it should not result in a rendition of the case, as the trial was had upon an issue which was defectively stated.

■ In view of another trial, we shall briefly notice appellant's contention that the court erred in failing to submit his defensive issue, i. e., that the agreement of June 30, 1946, was that Thompson should be compensated by the payment of a stated salary. The defense urged is a rebuttal defense in that the appellant has pleaded that the parties entered into a different contract from that alleged by the appellee. The allegations of the petition are thus negatived. Annotations, Rule 277, Franki's Texas Rules of Civil Procedure, p. 288. See also, J. B. Dooley, The Use of Special Issues; 20 Tex. Law Review 32.

It is undisputed that Thompson worked for Rice under an agreement whereby he was to be compensated by a commission upon gross sales or by the payment of a salary. Rule 277, R.C.P., provided that, "the court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exist." It would therefore seem that if the evidence upon another trial be similar to that contained in the present record, the issue of commission or salary could be submitted as follows: "Do you find from a preponderance of the evidence that Robert H. Rice and Jack Thompson, on or about June 30, 1946, agreed that Thompson should be compensated for services to be rendered to Rice by receiving a commission of 10% on gross sales made by Mineral Products, the company owned by Rice, rather than by a fixed salary?"

The use of the words "rather than" (or "instead of") states the issue so that the burden of proof may be stated in the issue itself without the giving of a special instruction with reference thereto as would be necessary if the disjunctive "or" were used.

■ The term, "rebuttal issue" is now generally used to designate those defenses which are advanced by a defendant to rebut the allegations of plaintiff's petition. Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984. These defenses are sometimes referred to as theories inconsistent with plaintiff's claim or basis of recovery. Such defenses are not true affirmative defenses in that prior to the adoption of the 1941 Rules of Procedure, they were raised by a general denial, and now under Rule 277, the burden of negativing these defenses still rests upon the plaintiff.

In speaking of the operation of these rebuttal defenses and by way of explanation, the late Chief Justice Alexander said: "Obviously, what the jury should do would be to find against a theory of the case urged by one of the parties when they find the existence of an inconsistent theory. For example, if the jury finds that the parties entered into a contract different from that alleged by the plaintiff, the jury should find that the party did not make the contract as alleged by plaintiff; or, if in a broker's suit they find that a third party was the procuring cause of the sale, the jury should find that the plaintiff was not the procuring cause thereof; or, in a tort case if the jury is of the opinion that the injury was the result of an unavoidable accident, it should find that the injury was not caused by either the plaintiff's or the defendant's

negligence." Excerpt from Lecture before the Judicial Section of the State Bar of Texas, July 3, 1941, quoted in Franki's Rules of Civil Procedure, p. 288.

Under the general charge it was necessary to explain these rebuttal defenses or inconsistent theories, so that the jury would not lose sight of them in considering the charge relating to the plaintiff's case. Instructions relative to such defenses were really part of the explanation of the plaintiff's allegations and theories, and thus differed from the charges relating to a defendant's true affirmative defenses which went to the defeat of the action by disclosing additional facts to those pleaded by plaintiff, such as payment, waiver, contributory negligence, etc., rather than to a rebuttal of the allegations of plaintiff's petition only. The above proposed issue would seem, under the facts of this case, to adequately call the jury's attention to defendant's rebuttal defense in a simple manner which is permitted by and is in conformity with the provisions of Rule 277.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.