**BROWN SUPPLY COMPANY et al., Appellants,**

v.

**S. S. RUSHING et al., Appellees.**

No. 7179.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 22, 1962.

Rehearing Denied Nov. 26, 1962.

McWhorter, Cobb, Johnson & Cobb, Lubbock, for appellants.

Jerome W. Kirby, Littlefield, for appellees.

DENTON, Chief Justice.

This suit was instituted by S. S. Rushing and some fourteen other individuals and two gin companies against Brown Supply Company and George L. Gallegos for damages allegedly caused by the cutting and repairing of a natural gas line. A jury verdict was returned in favor of the plaintiffs below, and from a judgment rendered on this verdict the defendants below have perfected this appeal.

Brown Supply was engaged to install underground concrete irrigation pipe on the Rushing farm. A plastic natural gas line which fed gas to the meters of the plaintiffs ran across the Rushing farm. In order to lay the concrete pipe it was necessary to cut and repair the gas line. It is undisputed Brown Supply, through its agents, agreed to cut and repair the gas line and was paid the sum of Ten Dollars ($10.00) for this additional work. The gas line later leaked at the place it was repaired, and it is this gas leakage that is the subject of this suit. The amount of leakage was determined by the difference in the reading of a master meter and the combined readings of the individual meters on the line used by the various plaintiffs. In response to special issues, the jury found Brown Supply agreed to repair the gas line; that the company's agent failed to properly repair the line; and that such failure to properly repair the line was the cause of the gas leakage complained of.

Appellants' first point complains of the trial court instructing the jury on circumstantial evience on the ground there was no direct evidence upon which an inference could be based, and that such instruction amounted to an instruction that there was such direct evidence. It is not contended that the instruction was incorrect. The general rule is well established that a disputed fact in a civil case may be established not only by direct evidence but also by circumstantial evidence. Winkler v. Craven (Tex. Civ.App.), 265 S.W.2d 191 (N.W.H.). Beach v. McKenney (Tex.Civ.App.), 287 S.W.2d 956 (N.R.E.).

Appellants' position is based on the premise the gas line was repaired in March, 1960, and the leak did not become evident or was not discovered until seven or eight months later; and that there is no direct evidence as to the cause of the leak. We are unable to agree with this contention. Several witnesses, including one whose business was to install underground utility lines, testified that too many connections were used to effect the repair. It is undisputed the break in the line was located at a connection at the top of the gas line as it went over the concrete pipe. There was evidence that five connections were used to repair the gas line when the better practice would have been to use only two. As to whether the actual break was caused by temperature changes, added pressure caused by the earth settling, or by the gas line being placed too close to the concrete pipe are not inferences or speculations as argued by appellants. They are simply circumstantial evidentiary matters that may be considered by the jury together with the manner in which appellants repaired the line. In our opinion, this circumstantial evidence had sufficient probative force to constitute the basis of a legal inference. Baylor University v. Chester Savings Bank (Tex.Civ. App.), 82 S.W.2d 738 (Writ Refused). Missouri-Kansas & Texas Ry. v. Crouch (Tex.Civ.App.), 273 S.W.2d 466 (N.W.H.). The circumstantial evidence presented was sufficient to satisfy reasonable minds o'

their existence. After carefully considering the evidence presented, we are of the opinion the trial court did not err in instructing the jury on circumstantial evidence. There was direct evidence that the gas line was not correctly repaired. As to what force or forces actually exerted themselves on the line at the point of the break must necessarily be established by circumstantial evidence. Appellees sustained this burden.

■ Appellants next contend the submission of special issues Numbers 1, 2 and 3 were improper on the ground that they were general issues. The issues inquired if appellants agreed to repair the gas line as a part of the consideration for the installation of the concrete irrigation system; whether appellants failed to properly repair the line; and, if so, was such failure the cause of the gas leakage. Appellees alleged and the case was submitted on the theory of a breach of contract. Cases relied on by appellants are cases in which negligence issues were objectionable for the reason urged here. Such cases are not controlling in the instant case. We are of the opinion, and so hold, the special issues were proper in submitting appellees' cause of action alleging a breach of contract.

■ Appellants next contend the alleged cause of action and manner of submission was a violation of the Statute of Frauds, (Article 3995, Vernon's Ann.Tex.St.). That appellants agreed to cut and repair the gas line in order to lay the concrete pipe cannot be disputed. Mr. Rushing testified appellants' agent Orley guaranteed the gas line would be repaired "right". We think the facts of this case clearly brings it under the settled rule that where the oral agreement may by its own terms be fully performed within the year the Statute of Frauds does not apply. Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R. 2d 1045.

■■ Appellants' next two points of error complain of the trial court's refusal to submit their requested special issues and definition which deal with their defense of mitigation of damages and intervening cause. A careful review of the record reveals there is no evidence to support the submission of the mitigation issues. On the contrary, there is evidence the plaintiffs below acted promptly upon discovering the leak and caused the gas to be cut off pending the necessary repairs. The gas was turned on for relatively short periods of time in order to locate the leak, but we cannot say evidence of these acts are sufficient to warrant the submission of the requested issues. Appellants had the burden of proof to establish the fact plaintiffs failed to mitigate their damages after discovering the leak. Belcher v. Missouri, K. & T. Ry. Co., 92 Tex. 593, 50 S.W. 559. We are of the opinion appellants failed to sustain this burden, and in the absence of evidence to support such issues the trial court was correct in refusing to submit these requested issues.

■ We have reached the same conclusion relative to the requested issues dealing with intervening cause. To support the submission of the special issue appellants rely on the sketchy testimony of Mr. Bryant, a salesman for appellants' company. He saw the gas line at the place it developed the leak after the line had been uncovered. Although he testified he did not see the hole in the line it appeared to be "mashed". He further testified, "No, I didn't say anybody went out there and done it, but it was possible that going across it with machinery and stuff, it is possible that it could have been mashed." This testimony did not have sufficient probative force to constitute a basis for a legal inference. Bryant's testimony was purely speculative. Baylor University v. Chester Savings Bank, supra. We therefore conclude the trial court was correct in refusing to submit this special issue.

The judgment of the trial court is affirmed.