Martin J. GILLMAN, Appellant,

v.

Marion L. MARTIN et al., Appellees.

No. 14064.

Court of Civil Appeals of Texas.

San Antonio.

March 6, 1963.

Rehearing Denied April 3, 1963.

Dibrell, Gardner & Dotson, San Antonio, for appellant.

Trueheart, McMillan & Russell, San Antonio, for appellees.

BARROW, Justice.

Appellant, Martin J. Gillman, brought a trespass to try title action against appellees, Marion L. Martin et al., for title and possession, as well as for damages for withholding possession, of the mineral leasehold estate in seven tracts of land situated in Bexar County, Texas. Martin filed a cross-action to remove any cloud cast upon this mineral estate by a written assignment from Martin to Gillman. The legal question presented is whether Gillman, the assignee under the assignment from Martin, is prohibited by equity from claiming under the assignment because of his subsequent oral agreement cancelling the assignment, and his re-delivery of the unrecorded assignment to Martin. After a non-jury trial, judgment was rendered for Martin, cancelling the written assignment and removing any cloud cast by same upon the title of Martin.

The trial court made findings of fact: That a few days after Martin and Gillman entered into the assignment agreement, which was executed on April 25, 1961, and before Gillman went into possession, they mutually agreed to cancel it. Gillman then delivered the original, and purportedly all executed copies, of the assignment to Martin. In reliance on this redelivery, Martin paid third parties, who had financed Gillman, the sum of $1,250, and spent approximately $7,000.00 on the leases under the new agreement with Gillman. Gillman informed Martin, and Martin believed, that all copies of the assignment were returned to him with the original, and expended the above sums of money in reliance on this reconveyance.

The trial court concluded that the assignment was mutually terminated and title reinvested in Martin, who had maintained continuous possession, paid full consideration and made valuable improvements on the land.

Gillman challenges the competency of the evidence upon which these findings are based. Prior to April 25, 1961, Martin owned several marginal oil wells on the leases involved herein and Gillman proposed to increase their production by a chemical process. The assignment agreement was executed to carry out this scheme. Martin testified that a few days thereafter they mutually agreed to terminate this assignment agreement and enter into a new agreement whereby Martin would pay all expenses and they would divide the increased production. He testified that Gillman then redelivered the unrecorded original assignment, together with several copies, which Gillman assured Martin were all of the copies. To restore the parties to their original position, Martin then paid a third party, White, $1250.00 for money White had given Gillman. Gillman subsequently used his chemical process on the marginal wells for a period of about sixty days, during which time Martin expended over $7,000.00 under the new agreement. The production decreased, however, and Martin determined to terminate this agreement. After Martin terminated the work, Gillman, on June 29, 1961, produced another copy of the assignment, recorded same and filed this suit. Martin testified, and he was corroborated by two other witnesses, that he had at all times retained possession of the premises. Gillman asserts that this evidence of oral cancellation of the written assignment was improper under the statute of frauds and the statute of conveyances, and therefore the judgment is without support in the evidence.

■ The general rule is that a conveyance of real estate must be in writing and that one who takes property by an oral conveyance, however innocent, is charged with knowing that he can not do so. Art. 1288, Vernon's Ann.Civ.Stats. Also, the Statute of Frauds, Art. 3995, Vernon's Ann. Civ.Stats., prohibits an action upon an oral promise or agreement for the lease of real estate for a longer term than one year. There are exceptions to this general rule which have been clearly recognized by the Courts of this State. Martin here relies upon the exception which applies when a grantee orally redelivers his unrecorded deed, which exception was established in Cooper v. Hinman, Tex.Com.App., 235 S. W. 564, and re-affirmed by the Supreme Court in Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286.

■ In Cooper v. Hinman, supra, Wagoner conveyed the title to 50 acres of land to Hinman by warranty deed in 1915. Hinman and his wife went into immediate possession and were occupying the land as their homestead when suit was filed about two years later. Hinman did not make the payment required by a lien note, and orally agreed to return the land to Wagoner for cancellation of the note and $100.00 cash. The consideration was paid and the unrecorded deed was returned to Wagoner for destruction. Wagoner then conveyed to Cooper, who brought the suit. The Commission of Appeals recognized the above stated general rule prohibiting oral conveyances, but held that the grantee in an unrecorded deed, who returns the instrument to the grantor under an oral agreement to reinvest title in grantor, is estopped to assert title under the returned deed. This exception was recognized although possession had remained in the Hinmans.

In Cowden v. Bell, supra, the Supreme Court expressly recognized this exception, although placing it upon equitable grounds rather than upon estoppel. Mr. Justice Garwood said:

> "While the broader implications of Cooper v. Hinman are discussed at the end of this opinion, we, too, prefer to explain it on grounds other than the somewhat technical concept of estoppel

of a grantee for having voluntarily removed the best evidence of his deed. A more practical explanation of the result would be that referred to in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1117, 15 A.L.R. 216, as 'a further strong reason' for the requirement of transfer of possession in cases of alleged parol sales of land, to wit, 'that without it the existence of the contract rests altogether in parol evidence, * * *. If, however, the purchaser be let into possession, there is furnished by an affirmative act of the owner himself at least a corroborative fact that the contract was actually made.' The act of an owner in returning, destroying or defacing his unrecorded deed—like the fact of transfer of possession—is 'a corroborative fact' indicating that the resale, resting otherwise on merely oral proof, actually occurred. The 'corroborative fact' idea appears to be quite similar to what we find in some of our decisions, which decline to avoid the statute on the ground of 'performance' consisting of facts which the court describes as not 'referable to' the alleged parol contract. Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257; Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W. 2d 530, 6 A.L.R.2d 1045."

The Supreme Court further held that although the exception recognized in Cooper v. Hinman appeared to be at odds with the basic doctrine of Hooks v. Bridgewater in that an equitable title was held to pass by the parol reconveyance without even a transfer of possession, still less the making of improvements by the revendee, or any conspicuous equivalent of the latter, the exception does coincide with the Hooks v. Bridgewater doctrine to the extent that the actual return of the deed affords substantial corroboration of the agreement of reconveyance. The Supreme Court thus held that the rule of Cooper v. Hinman properly stands as an exception.

In our opinion, the facts in this case fall within the exception established by Cooper v. Hinman, supra. There was a re-delivery to Martin by Gillman of the unrecorded assignment, for a valuable consideration, with the mutual agreement that same was cancelled. One additional factor not present in Cooper v. Hinman, is the undisturbed possession of the premises at all times by Martin.

The judgment of the trial court is affirmed.