Jesus **TERRAZAS, Jr.**, Appellant,

v.

Mike **SULLIVAN, Jr.**, et al., Appellees.

No. 6159.

Court of Civil Appeals of Texas, El Paso.

July 21, 1971.

Rehearing Denied Sept. 22, 1971.

Gerald B. Shifrin, El Paso, for appellant.

Mark F. Howell, El Paso, for appellees.

## OPINION

PRESLAR, Justice.

This is a case in which the trial Court granted a motion for summary judgment dissolving its prior temporary injunction order. We are of the opinion that the learned trial Judge erred and the cause must be reversed.

The background of the present case is that Appellee Jaynes took a default judgment on February 13, 1969, against Appellant Terrazas, on a note. Terrazas then employed Attorney Melby who, in April of 1969, worked out the oral agreement here in question with Jaynes' attorney, Brunson Moore, and under such agreement execution was forborne while Terrazas made $100.00 per month payments. In June of 1970, Attorney Moore refused the payment for that month and caused execution to issue on the judgment of February 13, 1969. Terrazas then brought this suit to enjoin Sheriff Sullivan from the sale of certain realty under the writ of execution and for declaratory relief of construing the agreement as valid and enforceable. The trial Court granted a temporary injunction. Appellee then filed the motion for summary judgment which resulted in the judgment here appealed from, and by which the temporary injunction was dissolved.

Appellees' motion for summary judgment was based on allegations that the purported agreement was breached by a late payment, and that such agreement was without consideration and in violation of the Statute of Frauds. The summary judgment evidence before the Court consisted of the depositions of Appellant Terrazas and Attorney Melby, and affidavits of Appellee Jaynes and Melby. Appellee, as Defendant in this action, had the burden by his motion for summary judgment of establishing as a matter of law, that there is no genu-

ine issue of fact as to one or more of the essential elements of the Plaintiff's cause of action. Gibbs, et al. v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970); Rule 166–A, Texas Rules of Civil Procedure. It is in this light that we review the action of the trial Court in granting the judgment here appealed from.

Appellant, as Plaintiff, alleged in his petition that he was the owner of certain described real estate on which the Defendant Jaynes had caused a writ of execution to be delivered to the Sheriff and levied thereon; that the Defendant had an unsatisfied money judgment against him, and that after such judgment had been obtained against him, Plaintiff and Defendant entered into a contract or agreement providing:

"That Defendant would not enforce said money judgment in any way, or levy execution on the same against Plaintiff and that Plaintiff, within 8 or 10 months from April, 1969, expected a business venture to produce funds to liquidate said judgment, and if not and in any event, Plaintiff would continue making monthly payments on said judgment at the rate of $100.00 per month until said judgment was fully and finally satisfied by said monthly payments."

He further alleged in detail his compliance with the agreement by his monthly payments to Defendant's attorney, Brunson Moore, the acceptance of same up to and including the May, 1970, payment, and the honoring of the agreement to that time, but notwithstanding such agreement, the Defendant then had writ of execution issue and notice of sale posted for the 2nd day of June, 1970. He further alleged the making of the June, 1970, payment, its refusal, and that it was then paid into the registry of the Court as have all subsequent payments. As indicated, he also sought declaratory judgment that the agreement was enforceable and that he was not in default.

In the deposition of Attorney Melby, he states that the above quotation from the Plaintiff's petition is the "substance" of the agreement, and under examination by counsel by both parties, he supplied details of the making of the agreement and of its terms. He tells how he informed Brunson Moore that he was prepared to file a Bill of Review to set aside the default judgment, but asked if they could not agree instead that Terrazas make payments as required in the note and Defendant hold his judgment lien; that he was representing Terrazas in a business venture and that he would guarantee that any money received by Terrazas from that venture would be applied to payment on the judgment. Attorney Moore agreed, and the next day Melby sent him a letter which begins:

"In accordance with our agreement regarding the above lawsuit, enclosed please find our check in the sum of $100.00 to meet Mr. Terrazas first monthly payment."

Further details of the agreement are supplied from Melby's deposition and his affidavit, and as to all of this, the Defendant, Jaynes, in his affidavit, in this regard makes only the simple statement, "I never made any agreement to accept any amount less than the full amount of the judgment taken by me against Terrazas."

In his motion for summary judgment, Appellee-Defendant alleged the agreement was unenforceable because of the Statute of Frauds. If that is the ground on which the motion was granted, we are of the opinion that the record will not support such a finding. The Statute of Frauds, V.T.C.A. Bus. & C. Sec. 26.01, as to contracts not in writing, makes unenforceable, "(6) . * * * an agreement which is not to be performed within one year from the date of making the agreement;". In the first place, this was the Defendant's motion for summary judgment and the proof does not foreclose the existence of other provisions of the agreement not before the Court. Because he had the

burden to show himself entitled to judgment as a matter of law, he was required to establish that every material exchange between the parties in the making of the agreement was before the Court. L. P. Botello v. Misener-Collins Company, LTD., Tex., 469 S.W.2d 793 (1971). Secondly, if we ignore the position of Appellee-Defendant as movant, the proof does not bring the agreement within the Statute of Frauds, under the decisions construing Art. 3995 Vernon's Ann.Civ.St. Sub. 5 (repealed by the above sec. 26.01). The basic rule is that, in order for it to fall within the statute, it must appear from the terms of the contract that performance cannot be completed within one year. Chevalier v. Lane's Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R.2d 1045; Goodwin v. Southtex Land Sales, Inc., Tex.Civ.App., 243 S.W.2d 721, ref. n. r. e. In the deposition of John Melby is the following:

"Q. Was the agreement with Mr. Brunson Moore that he made on behalf of his client capable of paying off that judgment within one year?

"A. Very definitely."

It was also his testimony that it was anticipated that the mentioned business venture would materialize within one year, and that it would have been enough to pay off the judgment. See Page & Wirtz Const. Co. v. Van Doran Bri-Tico Co., (Tex.Civ.App.1968) 432 S.W.2d 731, ref. n. r. e., holding that where agreement may, by its own terms, be fully performed within a year, statute does not apply, however improbable performance within one year may be. Citing Chevalier v. Lane's (Supra) and Hall v. Hall, 158 Tex. 95, 308 S. W.2d 12 (1957).

■ On the question of the want of consideration, Appellee argues that there was none because the Bill of Review would not have been successful. A fact question would certainly be present if we were to pursue that line of reasoning, for there was evidence which could have raised an issue of extrinsic fraud in the procurement of the default judgment. However, we are of the opinion that there was consideration to support the agreement, for Appellant had the right to file the Bill of Review, to put Appellee to trial on it, whether it would have been successful or not, and he gave up that right. The consideration flowing from Appellant to Appellee was the money payments in lieu of the speculative collection of it by foreclosure and sale. The consideration flowing from Appellee to Appellant was the forebearance to levy execution.

■ The Defendant also urged in his motion for summary judgment, that Plaintiff was in default on his agreement and because of such breach, he urges that he was entitled to disregard it and get out the writ of execution. The evidence bearing on this is that Attorney Melby was making the monthly payments to Attorney Moore, and that the payment due September 15, 1969, was not made until October 8, 1969. Attorney Moore got out execution, but agreed to withdraw it and did withdraw it, and agreed to accept the check of October 8th, did accept it and cashed it. Thereafter, he accepted all checks each month, including the one due and paid on May 15, 1970, but he got out writ of execution and the property of Appellant was posted for sale by the Sheriff for June 2, 1970. This, with the next payment not due until June 15th, Appellant plead waiver, and we think the plea was good.

"In Ellis we specifically held that waiver of a condition precedent to liability may be established by conduct occurring after the time for performance of the condition has expired. The distinction between waiver and estoppel in this situation is again noted in our Massachusetts Bond & Insurance Co. v. Orkin Exterminating Co. [Tex., 416 S.W.2d 396], opinion, Supra, to the effect (at page 401): '* * * that waiver is essentially unilateral in its character; it results as a legal consequence of some act or conduct of the party against whom it operates; No act of the party

in whose favor it is made is necessary to complete it. It need not be founded upon a new agreement or be supported by consideration, nor is it essential that it be based upon an estoppel.'

"Waiver need not be founded on a new agreement, nor be supported by a consideration nor based on estoppel. To the extent that the following cases and others have held to the contrary and are in conflict with this opinion, they are overruled: (Citing numerous cases) United States Fidelity and Guaranty Company v. Bimco Iron & Metal Corp. [Tex., 464 S.W.2d 353], the Texas Supreme Court Journal, Vol. 14, p. 251 (Feb. 27, 1971)."

With this quotation from the Supreme Court, we hold that Appellee waived his right to claim a breach of the agreement by his conduct following the payment due on September 15, 1969.

The order granting the motion for summary judgment is reversed and the cause is remanded for trial.