AYRES

*v.*

WELLS' ADM'R.

*(Supreme Court of Appeals of Virginia, April 11, 1889.)*

[9 S. E. Rep. 326.]

**Appeal—Review—Sufficiency of Evidence.**

Where upon the question of whether the assignment of a bond secured by a deed of trust to the trustee was intended by the payee to pass the ownership of the bond the evidence is conflicting, the decree of the circuit court will be affirmed.

Appeal from circuit court, Pittsylvania county ; S. G. Whittle, Judge.

Bill by Alfred Anderson, administrator *c. t. a.* of Nancy Wells, deceased, against David Ayres and John T. Blankenship, to remove said Ayres from his position as trustee in a deed of trust executed by said Blankenship to secure a debt due said testatrix. Decree for complainant, and defendant Ayres appeals.

*W. W. Henry*, for appellant.

*Peatross & Harris*, for appellee.

LACY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Pittsylvania county, rendered on the 9th day of February, 1888. The case is as follows : The suit was instituted by the bill of the appellee seeking to enforce the payment of the bond of

one Blankenship, of $700, secured by trust-deed, alleged to be due to the estate of his testatrix, Nancy Wells, and seeking to have the trustee, the appellant, David Ayres, removed as such.    The trustee, David Ayres, answered, claiming to be the legal owner of the bond in question by an assignment by the testatrix shortly before her death.    Depositions were taken in the cause, and by decree in the cause the appellant, David Ayres, was removed as trustee, the assignment ordered to be annulled, and the bond delivered to the appellee, Wells' administrator.    From this decree the appellant, David Ayres, applied for and obtained an appeal to this court.

The question raised by this record is one of fact mainly, and, the evidence appearing to be contradictory, we have concluded—not without great reluctance—to solve the matter by deferring to the decree of the court below, and affirming the said decree.    We are therefore of opinion that there is no error in the said decree of the circuit court, and the same will be affirmed.