## WALTERS et al. v. WITCHER et al.
### No. 4079.

Court of Civil Appeals of Texas. Texarkana.
Nov. 19, 1931.

Allen Reed, of Bonham, for appellants.

Cunningham & Lipscomb, of Bonham, for appellees.

WILLSON, C. J. (after stating the case as above).

Appellants insist the trial court erred when he refused their request that he instruct the jury to return a verdict in their favor, and when he submitted to the jury an issue as to the location on the ground of the north boundary line of the Sadler survey with reference to the location on the ground of the south boundary line of the Ward survey.

Whether the land in controversy was a part of the Sadler survey or vacant land at the time it was surveyed for and patented to Ashburn was the controlling question in the case; for if the land was part of the Sadler survey it was not subject to sale by the state, and the patent issued to Ashburn was void.

The land was not part of the Sadler survey if the north boundary line of that survey was the south boundary line of the Ward survey. So whether appellants' contention should be sustained or not may be said to depend upon whether there was evidence warranting a finding by the jury that the lines specified of the surveys mentioned were at the same place

on the ground. That they were not at the same place was established prima facie by the evidence showing that the state had patented the land in question to Ashburn. Elliott v. Nelson, 113 Tex. 62, 251 S. W. 501; Schnackenberg v. State (Tex. Civ. App.) 229 S. W. 934.

It follows from what has been said that we think appellants' contention should be sustained, unless there was evidence a jury had a right to conclude contradicted recitals in the patent and overcame the prima facie case it made in appellants' favor.

The only locative call in the field notes of the Sadler survey was the one for it to begin at the northwest corner of the King survey, described as being at a stake from which a bois d'arc marked A. J. H. bore N. 20 E. 6 varas, and a bois d'arc marked X bore N. 12 E. 6 varas. Appellee A. L. Witcher, as a witness, testifying for himself and his coappellee, said he knew and for thirty years had known where said corner of said King survey was, and testified, further, that the north line of the part of the Sadler survey he claimed to own was the south line of the Ward survey.

So far as the record shows to the contrary, no effort, by cross-examination or otherwise, was made to show that said appellee did not know what he said he did know, and, without reference to whether there was other evidence tending to support their finding or not, we see no reason why the jury did not have a right to conclude on the testimony of said appellee set out, that the south line of the Ward survey and north line of the Sadler survey were at the same place on the ground, excluding the possibility of the existence of vacant land between those surveys.

Over appellants' objection, the court admitted as evidence twenty or more deeds constituting links (appellees claimed) in their chain of title to the parts of the Sadler survey they claimed to own. The grounds of the objections to the deeds, respectively, were the same; that is, that the description therein varied "from (quoting from bills of exception) the description of the original J. M. Sadler Survey, does not prove any issue, and is a burden to the record." We do not think the deeds were subject to the objection urged to them, and overrule appellants' contention that they were.

Complaint is made because, it is asserted, the court erroneously admitted as evidence a map described in appellants' brief and a bill of exceptions as "marked Exhibit C" in the statement of facts. There are four maps in the statement of facts, but none of them are so marked.

■■ It appears in a bill of exceptions in the record that in arguing the case to the jury Mr. Lipscomb, one of appellees' attorneys, used this language: "Gentlemen of the Jury: These plaintiffs have come here from Wink, Texas, and the oil fields of Wink, Texas, for the purpose of skinning a citizen out of his land he has paid for. That, I hand it to you, gentlemen, to start off with, that it is a skin game on the part of the plaintiffs." The bill of exceptions referred to does not appear to have been approved by the court. On the contrary, the court, in ordering it filed, stated that the attorney's argument was "in answer (quoting) to plaintiffs' attorney's argument and supported by (the) record." If said statement of the trial court is correct, and this court must assume it was in the absence, as is the case, of anything in the record showing to the contrary, appellants have no right to complain of the argument.

Other contentions are presented in appellants' brief, but we think none of them show error requiring a reversal of the judgment.

The judgment is affirmed.