## ROY PASCHALL ET UX. V. O. T. ANDERSON

No. 6570. Decided March 25, 1936.
Rehearing overruled April 22, 1936.
(91 S. W., 2d Series, 1050.)

*Marshall & King*, of Graham, for plaintiffs in error.

The Court of Civil Appeals erred in deciding the case against the said Paschall and wife, as the testimony showed that Anderson had, during the year 1930, re-affirmed the employment contract with Paschall and wife, and had guaranteed that Paschall would get his bonus as agreed, thus putting into effect a new contract which was, therefor, performable within a year. Brazee v. Woods, 35 Texas, 302; Matthewson v. Fluhman, 41 S. W. (2d) 204; 20 Tex. Jur., pp. 258, 322.

*E. G. Thornton,* of Olney, *Fred G. Arnold,* of Graham, and *Morriss & Morriss,* of San Antonio, for defendant in error.

An oral contract which could not be performed within the year was within, and prohibited by the statute of fraud. Weatherford, M. W. & N. W. Ry. Co., 88 Texas, 191, 30 S. W., 859; Great Atlantic & P. Co. v. Warren, 44 S. W. (2d) 510; City of Tyler v. St. Louis S. W. Ry. Co., 99 Texas, 491, 91 S. W., 1.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiffs in error, Roy Paschall and wife, sued defendant in error, O. T. Anderson, in the District Court of Young County to recover the sum of $1000.00 and interest. The parties will be designated as in the trial court. Plaintiffs based their suit upon a contract alleged and proven to have been made in July, 1929. The substance of the contract, as shown by proof of plaintiffs, was that plaintiff Roy Paschall would take charge of the ranch owned by defendant and would manage same as foreman for the remainder of the year 1929 and for the year 1930. For the balance of 1929 he was to be paid $50.00 a month, and for the year 1930 he was to be paid $100.00 a month, and in addition was guaranteed a "bonus, stipend or reward" of not less than $1000.00. The suit was for the "bonus" with interest at 6 per cent from January 1, 1931. The agreement was not in writing. At the time of the making of the contract, plaintiffs were in possession of the place, defendant having shortly prior thereto purchased same from them. They remained upon the land until about July, 1931, and performed the services for the year 1930 contemplated by the agreement. They were paid the salary agreed upon and in addition received substantial benefits from the place. The judgment in favor of plaintiffs for the full amount sued for with interest was reversed by the Court of Civil Appeals and judgment rendered in favor of defendant. 60 S. W. (2d) 1087.

Among other defenses defendant relied upon Article 3995 of the Revised Statutes of 1925, which provides that "no action shall be brought in any court on any agreement which is not to be performed within the space of one year from the making thereof," unless the same shall be in writing and signed by the party sought to be bound thereby. Manifestly, the contract relied upon was within the statute, as it could not have been performed within one year from the date of the making. Rease

v. Clarksville Cotton Oil Co., 248 S. W., 434; Moody v. Jones, 37 S. W., 379. While this is practically admitted, yet plaintiffs rely upon the proposition that they fully performed their part of the agreement, and it was therefore taken out from under the statute of fraud. We do not find it necessary to consider the questions discussed by the Court of Civil Appeals. We find that plaintiffs pleaded no facts and circumstances which would make it unfair and inequitable, or that would amount to a fraud against them, in the event the statute was enforced. Defendant pleaded the statute, both by way of demurrer and special plea, and plaintiffs filed no replication to same.

It is fundamental that "to warrant equity's breaking through the statute to enforce such a parol contract, the case must be such that the non-enforcement of the contract—or the enforcement of the statute—would, itself, plainly amount to a fraud." Hooks v. Bridgewater, 111 Texas, 122, 229 S. W., 1114, 15 A. L. R., 216. When the statute is interposed, if there be facts and circumstances to justify equitable relief from same, it is incumbent upon the plaintiff to plead such facts and circumstances. In the case of Moody v. Jones, supra, it was said:

"Since the contract of employment was to commence at a future date, and run for 12 months, it fell clearly within the statute, and, being a parol contract, no action could be maintained thereon. Drummond v. Burrell, 13 Wend., 307; Lower v. Winters, 7 Cow., 263; Shute v. Dorr, 5 Wend., 204; Meyer v. Roberts, 46 Ark., 80; 14 Am. & Eng. Law, 764; 8 Am. & Eng. Law, 865. The fact that the plaintiff's salary was to be paid monthly does not take the agreement out of the statute of frauds. Railroad Co. v. Conlee (Neb), 61 N. W., 111. See authorities cited in note to Seddon v. Rosenbaum (Va.), 3 L. R. A., 337, 9 S. E., 326. Death is not a contingency that would take it out of the statute. Browne, St. Frauds (4th Ed.), sec. 282a; 8 Am. & Eng. Enc. Law, p. 691. But plaintiff contends that the evidence shows that he has such equities as would avoid the bar of the statute. Without deciding whether such is the case or not, it is a sufficient reply to the contention that he must recover upon the case made by him in his petition. He has sued upon a contract of employment for a year, to commence at a future date, and in support thereof offers no writing. This brings the agreement clearly within the statute. In order to avoid the bar of the statute, he should aver the equitable circumstances relied upon to do so. Browne, St. Frauds (4th Ed.), sec. 507." See also 27 C. J., page 376, sec. 461.

As stated above, plaintiffs remained upon the land for the year 1930, but it is undisputed that they were paid a salary of $100.00 per month and received substantial benefits in other ways. They continued to reside upon the place until July, 1931, and appeared to be perfectly satisfied with their bargain until after removing from the land. It is not claimed that by relying on the contract and occupying the place for 1930 they were prevented from making a more profitable contract, or suffered losses in any other way, nor were any other circumstances proven to show that an enforcement of the statute will amount to a fraud against them. It appears to us therefore that plaintiffs were not only without sufficient pleadings, but were also without proof, authorizing a disregard of the statute.

For the reasons stated herein, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 25, 1936.

Rehearing overruled April 22, 1936.