## CHEVALIER v. LANE'S, Inc.
### No. 4476.

Court of Civil Appeals of Texas. Beaumont.
Jan. 15, 1948.

Rehearing Denied Feb. 4, 1948.

Cecil & Keith, of Beaumont, for appellant.

Orgain, Bell & Tucker, of Beaumont, for appellee.

MURRAY, Justice.

Appellant Chevalier brought suit in the district court of Jefferson County against appellee, Lane's, Inc., alleging that he had entered into a contract with appellee on February 18, 1945, to go to work for it under an agreement by which the appellee would pay him $6,000 per year, that such salary would be paid at the rate of $250 per month, and in addition thereto at the end of each six months period he would be paid the sum of $1500; that on March 1, 1945, under the terms of such contract, he entered the employ of appellee at Beaumont, Texas, and worked for six months during which time he was paid the $250 per month, but the appellee had failed and refused to pay him the $1500. The appellee answered by a general denial and further pleaded that the alleged contract was an oral contract and was in violation of Article 3995, Section 5, Revised Statutes of 1925, which is the section relating to oral agreements not to be performed within the space of one year from the making thereof.

The trial was to a jury and the jury by its verdict found that appellee offered appellant employment for one year at a salary of $6,000 per year and that appellant accepted such offer; that appellee agreed to pay appellant $1500 at the end of each six months in addition to paying him $250 per month salary. The appellee filed its motion for judgment non obstante veredicto on the ground that the contract sued on was entirely oral and was one which could not be performed within one year from the time of making, hence was in violation of the Statute of Frauds. The court granted such motion and entered judgment for appellee

that the appellant take nothing. Appellant has duly perfected his appeal.

■ Appellant's first and only point of error is that this case should be reversed and rendered because the district court erred in granting appellee's motion for judgment non obstante veredicto. Appellant relies on the early case of Weatherford, etc., Ry. Co. v. Wood, 88 Tex. 191 30 S.W. 859, 28 L.R.A. 526 by the Supreme Court in 1895, and the cases since that date which have cited and followed the Wood case, which hold that the contingency of the death of one party to such an oral agreement for the rendering of personal services within one year from its making was sufficient to take it out of the operation of the Statutes of Frauds. One of the cases following the Wood case is the Great Atlantic & Pacific Tea Co. v. Warren, Tex. Civ.App., 44 S.W.2d 510 (writ of error refused). The facts in the Warren case are very similar to the facts in the case under review. The holding in this case, however, is out of harmony with the general rule in Texas, according to Dean Hildebrand's Texas Annotation to the Re-statement of the Law of Contracts, Sec. 198. The appellee cites and relies upon Rease v. Clarksville Cotton Oil Co., Tex.Civ.App., 248 S.W. 434; Moody v. Jones, Tex.Civ.App., 37 S.W. 379; Paschall v. Anderson, 127 Tex. 251, 91 S.W.2d 1050; and the late case of Jackman v. Anheuser-Busch Co., Tex.Civ.App., 162 S.W.2d 744, all of which hold contrary to the holding in the Warren case, supra. In the Warren case, supra, the opinion quotes from the opinion in Ford Motor Company v. Maddox Motor Company, Tex.Civ.App., 3 S.W.2d 911, as follows: "A contract which expressly provides for obligations to be performed during a period of more than a year but which may upon the happening of some contingency be fully performed within less than a year is not obnoxious to the statute of frauds. It has been held, that if the contract evidences a personal undertaking which ends with the death of one or more of the parties, it comes within that class of contracts which may be performed within less than one year, regardless of the contractual period named [44 S.W.2d 511]."

The opinions in Paschall v. Anderson, supra, and Moody v. Jones, supra, and in the group of cases cited above with it, take an opposite view of this question and reject the contingency of death as a reason for holding such a contract not obnoxious to the Statute of Frauds.

We agree with the opinion and holding in Paschall v. Anderson, supra, which appears to be the latest expression by the Supreme Court on the question, and Moody v. Jones, supra, and hold that such a contingency of death does not take such an oral agreement out of the operation of the Statute of Frauds.

■ The appellant also contends that even if his contract in the instant case comes within the Statute of Frauds, nevertheless he was entitled to have judgment for the additional $1500.00, which under the jury finding was due him as part of his salary at the end of six months of services rendered to appellee. He says that part performance of a contract for personal services takes it out of the operation of the Statute of Frauds, and cites the cases of Stanfield v. Texas Power Corporation et al., Tex.Civ.App., 13 S.W.2d 432, and Southern Old Line Insurance Co., v. Mims, Tex.Civ. App., 101 S.W.2d 396. A discussion of this question is also in 49 Am.Jur. 860, 877, and 37 C.J.S., Frauds, Statute of, page 505 et seq. Further discussion is found in Diamond v. Jacquith, 14 Ariz. 119, 125 P. 712, L.R.A.1916D, 880, and the annotations thereunder on page 884. Paschall v. Anderson, 127 Tex. 251, 91 S.W.2d 1050, by the Commission of Appeals, opinion adopted by the Supreme Court, appears to be authority for holding that even full performance is not sufficient to take such a contract out of the Statute of Frauds, in the absence of pleading and proof of equitable grounds for enforcing such a contract.

■ We feel impelled to follow the rule as announced in Paschall v. Anderson, supra, upon this question as well as upon the first one discussed above. In the instant case, the appellant did not plead nor prove any circumstances by which he could avoid the statute of frauds. He filed no pleading in reply to appellee's pleading of the statute

of frauds. There was nothing in the evidence to show that an enforcement of the statute would itself plainly amount to a fraud against him. See Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. In accord with the rule announced, we hold that such performance as appellant has shown is not sufficient to take his contract out of the operation of the statute. He did not sue for the value of his services upon quantum meruit, as he might have done, but sued only upon his contract. Without any pleading or proof of equitable circumstances to take the contract out of the operation of the statute, the trial court was correct in rendering judgment against him.

The judgment is affirmed.