**Dale ROBERTSON, d/b/a Sportsman's Den, Appellant,**

v.

**Ed POHORELSKY, Appellee.**

**No. 6055.**

Court of Civil Appeals of Texas, Waco.

July 5, 1979.

Rehearing Denied July 19, 1979.

Bill M. Payne & Bobby L. Freeman, Lawrence, Thornton, Payne & Watson, Bryan, for appellant.

Kent A. Caperton, Gandy, Mauro & Caperton, Bryan, for appellee.

OPINION

JAMES, Justice.

This is a suit on an oral contract of employment. The defense is that the contract is unenforceable because it is within the Statute of Frauds. After jury verdict the trial court entered judgment in favor of

Plaintiff-employee against Defendant-employer for $3,135.39, interest and costs, from which Defendant-employer appeals. We affirm.

The facts consist of jury findings in answer to special issues plus certain admissions by Plaintiff-employee (hereinafter discussed) which are made a part of the statement of facts by written agreement of the parties.

Plaintiff-Appellee Ed Pohorelsky brought this suit against Defendant-Appellant Dale Robertson, individually and doing business as Sportsman's Den, alleging that in the summer of 1976, Plaintiff and Defendant discussed the pending opening of a business in the City of Bryan, Texas, known as the Sportsman's Den, which business was to be owned by Defendant Robertson. Plaintiff further alleged that the parties orally agreed that at such time as the Sportsman's Den should be opened, that Plaintiff Pohorelsky would commence working at said business for Defendant Robertson as assistant manager for a salary of $500.00 per month plus 5% of the gross profits of said business; that pursuant to such agreement the business was opened on October 1, 1976, and that about two weeks prior to said opening Plaintiff went to work for Defendant, to wit, on or about September 15, 1976, and worked until on or about August 15, 1977, at which last-named date Plaintiff and Defendant had some disagreements which culminated in Plaintiff's ceasing to work for Defendant. Plaintiff alleged that he had been paid his agreed $500.00 per month salary for the period of time in which he worked; however, he had not been paid any percentage of the gross profits. Plaintiff's suit is for 5% of the gross profits of said business prorated for the period of time in which he worked, and for interest, attorneys fees, and costs.

Trial was had to a jury, which found:

(1) That Plaintiff Pohorelsky diligently and dutifully performed all tasks and duties required of him by his agreement with Defendant Robertson during his employment from October 1, 1976, to August 15, 1977;

(2) On or about August 15, 1977, Plaintiff and Defendant agreed that Plaintiff would receive 5% of the gross profits on the sales he personally made, as a final payment;

(3) That Plaintiff Pohorelsky made such agreement only under duress; and

(4) The jury failed to find that Plaintiff was entitled to any attorneys fees.

As hereinabove stated, after jury verdict the trial court entered judgment in favor of Plaintiff Pohorelsky against Defendant Robertson for $3,135.39, interest and costs, from which Defendant appeals.

Defendant-Appellant's three points of error assert that the oral contract in question is one which by its terms is not to be performed within one year from the date of its making, and therefore same is unenforceable as falling within Section 26.01, Texas Business and Commerce Code, commonly known as the Statute of Frauds. We do not agree with this contention.

Section 26.01 in its pertinent parts provides:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

"(b) Subsection (a) of this section applies to

. . . . .

(6) an agreement which is not to be performed within one year from the date of making the agreement; . . ."

Admissions were made by Plaintiff which are stipulated by the parties to be included in the statement of facts on appeal, to wit:

(1) The oral agreement sued upon was made prior to June 30, 1976.

(2) The business in which Plaintiff Pohorelsky was to be employed was not in existence at the time of making the agreement.

(3) The sporting goods store began business on October 1, 1976, at a time in which the oral contract had been in existence at least three months.

(4) Plaintiff commenced working at the store about two weeks prior to October 1, 1976, doing work on shelves and stocking merchandise.

(5) The oral employment agreement provided for payment to Plaintiff of 5% of the gross profits at the conclusion of the first year's operation of the store.

Defendant-Appellant Dale Robertson asserts that this contract is one which could not be performed within one year, because (he contends) it was made at a time prior to June 30, 1976, and contemplated a year's performance which was to begin at the time of opening the store for business, to wit, October 1, 1976. Therefore, Appellant says, the contract could not be fully performed until September 30, 1977, which is at least fifteen months after the time the contract was made, citing *Chevalier v. Lane's, Inc.* (1948) 147 Tex. 106, 213 S.W.2d 530, 6 A.L. R.2d 1045, and *Paschall v. Anderson* (Comm.App.1936) 127 Tex. 251, 91 S.W.2d 1050, opinion adopted. We do not agree with Appellant's contentions, and do not believe that *Chevalier* and *Paschall* control the case at bar.

■ Since Defendant-Appellant is the party asserting that the contract violates the statute of frauds, said Defendant-Appellant had the burden of showing that the contract required that Plaintiff-Appellee Pohorelsky would work for one year.

There is nothing in this record that shows that the parties agreed that Pohorelsky would work for one year. It is true that the contract provided for *payment* to Pohorelsky of 5% of the gross profits of the business at the conclusion of the first year's operation of the store; however, the mere fact that the parties had to wait for the year to be up before ascertaining the gross profits so that Pohorelsky could be paid his pro rata share does not within itself bring the contract within the statute of frauds. *Miller v. Riata Cadillac Co.* (Tex.1974) 517 S.W.2d 773.

■ We believe that this oral employment agreement was one calling for an indefinite period of time, and being so, does not violate the statute of frauds; and that this case is governed by *Miller v. Riata Cadillac Co.* supra, and *Bratcher v. Dozier* (1961) 162 Tex. 319, 346 S.W.2d 795. Both *Miller* and *Bratcher*, like the case at bar, dealt with oral employment contracts in which no period of performance or duration was provided. These two last-named decisions of our Supreme Court hold that indefinite term employment contracts are considered performable within one year, and therefore do not fall within the statute of frauds.

In the case at bar, the record is silent as to how long Pohorelsky was supposed to work; therefore, in our opinion the contract does not violate the statute of frauds.

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.