**Edmond J. DuSESOI, Plaintiff,**

v.

**UNITED REFINING COMPANY; and Harry A. Logan, Defendants.**

**Civ. A. No. 81–93 ERIE.**

United States District Court, W.D. Pennsylvania.

Oct. 29, 1982.

H. Yale Gutnick, Pittsburgh, Pa., for plaintiff.

Robert Whitehill, Pittsburgh, Pa., Frederick M. Lother, Washington, D.C., for defendants.

## OPINION

WEBER, District Judge.

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

On May 5, 1981, plaintiff Edmond DuSesoi (DuSesoi) filed a five count complaint in this court against the United Refining Company and its President, Harry A. Logan. DuSesoi had been discharged from his employment with United in early 1981. The complaint alleged that United breached a written three year employment contract with the plaintiff (Count I); that United breached a three year oral employment contract (Count II); that Logan breached his warranty of authority to contract on behalf of United (Count III); that United and Logan fraudulently misrepresented the terms of the plaintiff's employment contract (Count IV); and that Logan tortiously interfered with the plaintiff's employment relationship (Count V).

On June 9, 1982, following defendants' motion for summary judgment, this court issued an extensive opinion and an order dismissing all counts, except Count IV. This court granted plaintiff leave to replead this count in accordance with Rule 9(b) which requires averments of fraud to be stated with particularity. Rule 9(b), Fed.R. Civ.P. The court, in addition, granted plaintiff leave to amend his pleadings to allege circumstances which would remove

the oral contract claim from the bar of the statute of frauds. The court's Opinion and Order, and a detailed factual account of the events precipitating this lawsuit are set forth in *DuSesoi v. United Refining Company,* 540 F.Supp. 1260 (W.D.Pa.1982).

On July 1, 1982, plaintiff filed the First Amended Complaint in three counts. Defendants thereupon filed a Motion to Dismiss. Plaintiff, in an apparent effort to rectify defects, filed the Second Amended Complaint, also in three counts.[1] Again, defendants filed a Motion to Dismiss and the court now considers this motion. Accordingly, we will proceed with a consideration of the corresponding arguments asserted in defendants' current Motion to Dismiss.

It should be noted that the defendants have filed their motion captioned as a "Motion to Dismiss the Second Amended Complaint." The defendants do so pursuant to Rule 9(b), 12(b)(6) and 56, Fed.R.Civ.P. The defendants have attached affidavits to their motion and the plaintiff has responded by relying on affidavits. This court will therefore treat defendants' motion as one for summary judgment. *Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 348, 91 S.Ct. 1434, 1452, 28 L.Ed.2d 788 (1971).

In Count I of the Second Amended Complaint, plaintiff asserts three distinct allegations of fraud. First, plaintiff maintains that defendants knowingly misrepresented the term of DuSesoi's employment as one for at least three (3) years. Second, defendants represented that they were looking for a qualified back-up to Logan. And third, defendant Logan assured DuSesoi that United was not going to be sold to Coral Petroleum Company. Plaintiff provides various dates and locations asserting respectively where and when the alleged misrepresentations took place.

---

1. The court allowed plaintiff's Second Amended Complaint to be filed in a Memorandum

Order issued August 10, 1982.

A review of the admitted facts relevant to all parts of the fraud count indicate that DuSesoi met with the president of United, Logan, four times between February and June of 1980 ostensibly to negotiate an employment contract. These meetings were held in Chicago on February 27, 1980; in New York City on March 5, 1980; in New Orleans on March 25, 1980; and in Warren, Pennsylvania, on June 10 and 11, 1980.

We turn first to that portion of plaintiff's fraud count, part one, dealing with the alleged misrepresentation of plaintiff's term of employment. DuSesoi asserts in paragraph 23 of the Second Amended Complaint that at the Warren, Pennsylvania, meetings of June 10th and 11th, Logan misrepresented to him that 'the term of his employment contract would be for a minimum of three (3) years. DuSesoi filed a supplemental affidavit consistent with paragraph 23 of the amended complaint.

The court recognizes from the outset that the plaintiff has met the pleading requirements of Rule 9(b) with respect to the amended version of the first fraud allegation, and further notes that defendants have made no objection to this portion of plaintiff's complaint based upon Rule 9(b).

The defendants ask the court to dismiss this fraud allegation and contend that the facts and the prior findings of the court demonstrate that no agreement as to the term of DuSesoi's employment was made at the Warren, Pennsylvania, meetings. Defendants rely on plaintiff's original affidavit and the prior opinion and order of this court.

A series of letters written between DuSesoi and Logan are relevant to this portion of Count I. On June 25, 1980, Logan wrote to DuSesoi confirming the terms of the purported agreement reached by them to that date. The letter was silent as to DuSesoi's term of employment. Two weeks later, on July 11, 1980, DuSesoi responded by letter to this communication from Logan noting that topics discussed in Logan's letter required clarification including the term of employment. Four days later, on July 15, 1980, Logan responded to this letter

indicating "that there may be some misunderstanding." Logan said it was his intention that DuSesoi would receive a salary commensurate with his responsibilities and participate in employment benefits granted to executives of the parent company. Logan stated, in addition, that "an employment contract and a severance agreement goes beyond this."

In paragraph 18 of his original affidavit, DuSesoi states that after receipt of the second letter from Logan, which receipt occurred on July 15, 1980, they (DuSesoi and Logan) held further discussions which resulted in an agreement with respect to a three year term of employment. Defendants suggest that paragraph 18 of plaintiff's affidavit flies in the face of the assertion contained in paragraph 23 of plaintiff's second amended complaint since the meetings referred to in the complaint occurred in early June, and the later discussions and purported agreement did not occur until July or later. The defendants read agreement and representation synonymously and conclude that plaintiff's original affidavit setting the date for an agreement in July or later precludes the allegation of misrepresentation relating to meetings held in June. We do not agree and need only refer to the supplemental affidavit filed by DuSesoi accompanying the Second Amended Complaint which avers specifically that the fraudulent misrepresentations were made June 10th and 11th at the Warren, Pennsylvania, meeting.

The court in its prior opinion concluded that if an agreement existed as to a three-year contract of employment, it existed only after the meetings held in Warren, Pennsylvania. The court, similarly, had relied largely upon the affidavit of DuSesoi to resolve a choice of law question that considered the import of the Warren meetings.

We reject defendants' argument that the court's prior finding as to the purported agreement between the parties now bars plaintiff's claim for fraud. First, the court's prior finding was based upon the pleadings and affidavits then before it, none of which included the allegations of

fraud plead with the particularly required by this court and now contained in the Second Amended Complaint and supported by the supplemental affidavit of DuSesoi. Second, the court in its prior opinion referred to a purported "agreement" between the parties and it is not now disposed to make a second finding that would include the word "representation" in its finding that no "agreement" was reached until after the Warren meeting. The court anticipates defendants' response that had Logan made such a representation as to a three year term of employment then surely an agreement would have existed. We do not agree. Moreover, whether certain representations were made at the Warren meetings is not proved or disproved either by the parties success or failure at reaching an agreement, or by Logan's silence about the term of employment in his letter of June 25, 1980. This court will bind itself to the letter of its prior finding, which, we reiterate, does not include a finding as to alleged misrepresentations, and which finding was made without the benefit of DuSesoi's supplemental affidavit.

Defendants, in another line of argument, assert that even if Logan had misrepresented the term of DuSesoi's employment at the Warren meetings, in the absence of an actual agreement between the parties, DuSesoi would not be justified in relying on such a representation since he received Logan's letter two weeks later which was silent as to the term of employment. Justifiable reliance is required to sustain a cause of action for fraud under both Pennsylvania and Missouri law. *See, e.g., Shane v. Hoffmann,* 227 Pa.Super. 176, 324 A.2d 532 (1974); *American Metal Fabricators Co. v. Goldman,* 227 Pa.Super. 284, 323 A.2d 891 (1974); *Oshia v. E.A. Strout Realty Agency, Inc.,* 418 S.W.2d 99 (Mo.1967); *Hereford v. Unknown Heirs of Tholozan,* 315 S.W.2d 412 (Mo.1958); Restatement, Second, Torts § 537 (1977). We do not feel, however, that the letter of June 25th standing alone forecloses the possibility that DuSesoi could rely on alleged representations made at an earlier time. Representations may have been made to DuSesoi and not included in Lo-

gan's letter. The court cannot decide this issue, as the defendants would urge, on the basis of plaintiff's likely interpretation of omissions in a letter written by the defendants. The nature and extent of DuSesoi's reliance, in any event, is a question of fact that cannot be determined as a matter of law at this time.

A stronger argument against DuSesoi's reliance might be found in the contents of Logan's July 15th letter which expressly forecloses any possibility of a stated term of employment. Defendants, however, sedulously avoid such reference since, accepting plaintiff's allegations, the point of DuSesoi's most significant reliance occurred at the time of his resignation at Hudson Petroleum and his acceptance of employment at United, both of which occurred prior to the July 15th letter. The letter of July 15th might, nevertheless, serve to limit damages traceable to reliance on the alleged misrepresentations; this, however, is not presently before the court.

Finally, as to this claim of fraud, the defendants argue that this portion of Count I is but a re-hash of arguments already rejected by the court concerning an alleged oral contract. We disagree with this line of argument. This court previously ruled that it would treat this count of plaintiff's complaint as a misrepresentation claim. The court previously concluded that under both Missouri and Pennsylvania law it is the coupling of a promise with an intent to disavow that promise which forms the foundation of a claim of fraudulent misrepresentation. *DuSesoi v. United Refining Co.,* 540 F.Supp. 1260, 1274 (W.D.Pa.1982). After defendants argued vigorously for the application of Missouri law to this fraud claim, the court determined that Missouri law, far from absolutely barring claims of fraud which rest on an intention to perform an act, "distinguish[es] between mere promises and knowing representations of one's intentions." Id. at 1274. Defendants still maintain that Pennsylvania and Missouri follow the majority rule and that they would prohibit a fraud action based on such a promise. For the reasons set forth more fully in

the prior opinion of this court, we cannot agree.

■ Defendant next argues that once the court has held that the Texas Statute of Fraud applies it would be "inconsistent to permit plaintiff to evade this holding by pleading his case on fraud when a Texas court would not do so." Defendants argument is unacceptable; first, it presumes Texas law applies to a misrepresentation claim referencing events which occurred in Warren, Pennsylvania, and second, it fails to recognize the distinction this court has drawn between plaintiff's fraud claim and its breach of contract claim.

Moreover, should Texas law apply, plaintiff has stated a claim that is not barred as a matter of law. The case relied upon by the defendants recognize a distinction when the damages sought are for injuries resulting from reliance on misrepresentation rather than for a failure to fulfill the terms of an oral contract. In *Collins v. McCombs,* cited by the defendant, plaintiff sought to recover what he would have gained had the promise been performed. 511 S.W.2d 745 (Tex.Civ.App.1974) (writ *ref'd* n.r.e.). In the case *sub judice,* DuSesoi, through his claim of fraud, seeks damages for what he purportedly lost in relying on defendants' alleged misrepresentation. Second Amended Complaint, ¶¶ 27, 28. The court in *Collins* recognized this distinction that persists in Texas law when it stated:

> Our Commission of Appeals, in an opinion adopted by the Supreme Court, has said that a cause of action for fraud, based on a false promise, is "grounded in tort and not in contract", and that "responsibility for the tort committed is not affected by the fact that the false promise was made orally." 511 S.W.2d 745, 747; *see also Hastings v. Houston;* 596 S.W.2d 142 (Tex.Civ.App.1979) (writ *ref'd* n.r.e); 37 Am.Jur.2d, *Fraud and Deceit,* § 70 (1968).

Wherefore, defendants' motion to dismiss the first part of Count I of plaintiff's Second Amended Complaint is denied.

[4] Plaintiff's second fraud allegation, part two of Count I, concerns the alleged misrepresentations made to DuSesoi that United was looking for a back-up to Logan. Defendants' response is that the allegation fails to meet the pleading requirements of Rule 9(b), that it fails to allege the requisite falsity and fails to specify the time and place of the alleged misrepresentation. Plaintiff, in its brief before the court, indicates that the affidavit of DuSesoi provides the necessary particularity lacking in the complaint by setting forth the time and place of misrepresentation.

Some courts have required litigants in a complaint in an action based on fraud, in order to fulfill the requirements of Rule 9(b), to allege all the traditional elements of fraud, which are: 1) false representation of a material fact; 2) knowledge of or belief in its falsity by the person making it; 3) belief in its truth by the person to whom it is made; 4) intent that it should be acted upon; and 5) detrimental reliance upon it by the person claiming to have been deceived. *See North Carolina Mut. Life Ins. Co. v. Plymouth Mut. Life Ins. Co.,* 266 F.Supp. 231 (E.D.Pa.1967); *United States v. Goldberg,* 159 F.Supp. 151 (E.D.Pa.1956). This court has already noted its desire not to so construe the Federal Rules of Civil Procedure as to create a trap for the unwary litigant. Further, the court notes that there is a distinction between the "circumstances" to which Rule 9(b) applies and the traditional elements of fraud referred to above. The plaintiff was given the opportunity to amend his complaint and he has done so. However, in so doing, the plaintiff has not plead with particularity the "circumstances" of the alleged fraud required by Rule 9(b), nor does he note the presence of any of the traditional elements of fraud.

Assuming Logan told DuSesoi that United was looking for a "qualified back-up", it is unclear from plaintiff's amended complaint when and where the statement was made. The purpose of Rule 9(b) is to apprise the defendants of the claim against them and the acts relied upon which constitute the fraud charged. *See* 5 Wright & Miller, Federal Practice and Procedure

§ 1297 at 404 (1969). Plaintiff responds that defendants need only look to plaintiff's affidavit to discover the time and place of the fraud set forth in paragraph 5 of that affidavit, which states:

My first meeting with Harry A. Logan, Jr., ... occurred in Chicago on February 27, 1980. At that time, Logan stated that United Refining Company's (hereinafter referred to as "United") top management was nearing retirement age and that he was looking for a younger qualified back-up man.

Nevertheless, even if the court should accept the reference urged by the plaintiff, the affidavit as quoted in relevant part combined with plaintiff's bold assertion in its complaint does not state a claim of fraud upon which relief can be granted. It is not so clear from the face of the alleged representation that it is a material fact upon which detrimental reliance could ordinarily be expected. Absent allegations that a representation was made with an intent to induce reliance, that it was made with knowledge of its falsity, and that it was relied upon, a claim of fraud cannot stand. Wherefore, plaintiff's claim that defendants fraudulently misrepresented to DuSesoi that United was looking for a qualified back-up man will be dismissed.

Plaintiff's third allegation of fraud, part three of Count I, its final claim under Count I, concerns an alleged misrepresentation made by Logan to DuSesoi that United would not be sold to Coral Petroleum. Defendant attacks this claim on the following grounds; first, plaintiff's complaint is deficient in its failure to allege a present intent on the part of Logan to defraud, and second, plaintiff's allegations are demonstrably incorrect. Since we believe plaintiff's complaint sufficiently alleges the requisite intent to defraud, and in so much as the correctness of the allegations are a question of fact, we will deny defendant's motion to dismiss this portion of plaintiff's Count I.

Defendant finds the language used in plaintiff's allegation objectionable in its failure to allege the requisite intent to defraud. This court has previously held that an action in fraud will lie only if the defendants made the alleged promise with the simultaneous intention of breaching it. Plaintiff states in paragraph 26 of its amended complaint that Logan "knew or should have known" that representations concerning Coral Petroleum were false. For purpose of defendants' motion, and for later purposes of proof, the court will construe this portion of plaintiff's complaint as an allegation of knowing misrepresentation, and the plaintiff will be so bound for evidentiary purposes.

Defendants rely upon the affidavit of Logan in contending that the allegations of fraud with regard to the sale to Coral, "are demonstrably incorrect." We find the resolution of this issue to be one uniquely suited for the trier of fact. The plaintiff has alleged that a representation concerning Coral was made to him by Logan (*See* ¶ 25, Second Amended Complaint), and he has alluded to the same representation in his affidavit before the court (*See* ¶ 19, Affidavit of Edward DuSesoi, October 27, 1982). This court recognizes its broad discretion in considering motions for summary judgment, moreover, it is mindful of the prevailing view that where the obligation of the court is to draw all reasonable inferences against the moving party, summary judgment is rarely appropriate where the moving party's state of mind is a material issue. *See, e.g., Equal Employment Opportunity Commission v. Home Insurance Company*, 672 F.2d 252 (2d Cir.1982); *American Natl. Bank & Trust Co. of Chicago v. Certain Underwriters at Lloyd's London*, 444 F.2d 640 (7th Cir.1971); *Associated Hardware Supply Co. v. Big Wheel Distributing Company*, 355 F.2d 114 (3d Cir.1966).

Accordingly, defendants' motion to dismiss this portion of plaintiff's claim will be denied.

In Count II of his Second Amended Complaint the plaintiff alleges breach of an oral agreement to employ the plaintiff for three years. DuSesoi alleges that he relied on this promise when he resigned his employ-

**1296**

ment with Hudson Refinery Company and moved himself and his family to Texas. This court considered plaintiff's oral contract claim in its prior opinion. *See DuSesoi v. United Refining Company,* 540 F.Supp. 1260, 1268–1272 (W.D.Pa.1982). After resolving the attending choice of law problem and deciding that Texas law should apply to the breach of contract claim, the court found that plaintiff's original claim was barred by the Texas Statute of Frauds. 540 F.Supp. 1260, 1272. The court recognized that some Texas cases provide that in specific limited instances, partial performance of an oral employment contract may remove that agreement from the bar of the statute of frauds. 540 F.Supp. 1260, 1271 n. 3. Consequently, the court granted the plaintiff leave to amend his pleadings to allege circumstances which would remove this contract from the bar of the statute. We now consider plaintiff's amended version of its pleading in Count II of the Second Amended Complaint.

Plaintiff avers in his Second Amended Complaint that he was well-established socially and financially in Kansas City, Missouri, and with Hudson Refining Company prior to negotiations with United. In reliance upon the alleged promise of a three year minimum employment contract with United, DuSesoi moved himself and his family to Houston, Texas, which resulted in his subsequent financial detriment. It is plaintiff's contention that these "special circumstances" lift the statute of frauds bar to his oral contract claim.

■ In Texas, to avoid the statute of frauds, a plaintiff must aver and prove facts setting out the equitable circumstances relied upon. *Paschall v. Anderson,* 127 Tex. 251, 91 S.W.2d 1050 (1936). In *Paschall,* the court determined that in order for equities to break through the statute to enforce a parol contract, the case must be such that the nonenforcement of the contract would plainly amount to fraud. 91 S.W.2d at 1051. The court in *Paschall* found no such basis to enforce the contract. Plaintiff maintains that because he relied on defendants' promises and moved to Tex-

as, the defendants should be estopped from asserting the Statute of Frauds. Texas courts, however, have made it clear that an oral agreement will not be enforced except in "egregious situations." *Mercer v. C.A. Roberts Co.,* 570 F.2d 1232, 1237 (5th Cir. 1978). The court in *Mercer,* following *Paschall,* declined to circumvent the Statute of Frauds, and concluded:

To justify such equitable intervention by the courts in light of a clear statute, there must be something more than a mere wrong or breach of contract. *Id.*

The Court in *Chevalier v. Lane's, Inc.,* furthermore, interpreted the "circumstances" referred to in *Paschall* "not merely as equities but also as ... at least a corroborative fact that the contract was actually made." *Chevalier v. Lane's, Inc.,* 147 Tex. 106, 213 S.W.2d 530, 533 (Tex.1948) (citing *Hooks v. Bridgewater,* 111 Tex. 122, 129, 229 S.W. 1114, 1117). To that end, the court looked to the acts of the plaintiff and the purported terms of an alleged contract and found that "every act of plaintiff may be explained quite separate and apart from any alleged oral contract and no act is 'unequivocally referable' thereto." 147 Tex. 106, 213 S.W.2d 530, 533. In following *Chevalier,* we conclude that the acts of plaintiff do not in themselves unequivocally refer to, or in any other way tend to prove, the agreement relied upon by the plaintiff in the nature of a three year contract.

Plaintiff further contends that the doctrine of promissory estoppel removes the bar of the Statute of Frauds. We disagree and note that prevailing authority indicates that the bar of the statute will be removed only when a party has misrepresented his intention to reduce an agreement to writing. An oft quoted reference to Williston on this point is worth repeating here:

In applying the principles of promissory estoppel, as represented by Restatement of Contracts § 90, to enforce an oral contract of employment within the Alaska statute of frauds, the court in *Alaska Airlines, Inc. v. Stephenson* (1954, C.A. 9th Alaska) 217 F.2d 295, stated that § 90, not mentioning promissory estoppel,

was addressed not to the statute of frauds but to promissory estoppel as a substitute for consideration, but when one considered the part Professor Williston took in the formulation of the Restatement and examined § 178, comment f of the Restatement of Contracts, one had to conclude that there was an intention to carry promissory estoppel into the statute of frauds, if the additional factor of a promise to reduce the contract to writing was present. The court cited Williston on Contract (1936) § 533a. The above mentioned Comment f of § 178 of the Restatement of Contracts, dealing with the statute of frauds states as follows: "f. Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground in the same way that objection to the non-existence of other facts essential for the establishment of a right or a defense may be precluded. A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precludes proof by the party who made the representation that it was false; and a promise to make a memorandum, if similarly relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud." Annot. 48 A.L.R.2d 1079–80 (1956).

Moreover, the Fifth Circuit, applying Texas law in a case notably similar to this, concluded that the doctrine of promissory estoppel precludes a Statute of Frauds defense "only when a party has relied to his or her detriment on a second promise—a promise to reduce the first promise to writing." *Dickinson v. Auto Center Manufacturing,* 594 F.2d 523, 528 (5th Cir.1979), *see also 21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System,* 432 F.2d 64, 65 (5th Cir.1970), *cert. denied,* 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971). Plaintiff concedes this contour of Texas law and responds in its brief that there existed a second promise between DuSesoi and Logan to put their agreement in writing. However, since plaintiff has neither plead the existence of a secondary

promise nor provided evidentiary support for one's existence, and in light of defendants' affidavit to the contrary, this court cannot accept plaintiff's bold assertion that such a promise existed. There is no evidence that the parties intended their negotiation to be reduced to a formal writing or that they agreed that no binding contract would be formed until a final writing was achieved. The absence of such a promise, therefore, precludes the use of the doctrine of promissory estoppel to take the alleged oral contract out of the Statute of Frauds.

Likewise, partial performance by plaintiff of obligations under an oral agreement has been held insufficient to remove the agreement from the Texas Statute of Frauds. *See, e.g. Dickinson v. Auto Center Manufacturing Co.,* 594 F.2d 523 (5th Cir. 1979); *Mercer v. C.A. Roberts Co.,* 570 F.2d 1232 (5th Cir.1978); *DuSesoi v. United Refining Co.,* 540 F.Supp. 1260 (W.D.Pa.1982). In *Dickinson,* a former employee brought an action against a corporation and its president for breach of contract and fraud. Dickinson alleged that because of defendants' promises he left Texas, moved to Florida and began working for Auto Center Manufacturing Company. Even though Dickinson completed performance of his obligations under an oral contract, the court found that the contract was within the Statute of Frauds and, pursuant to a clear legislative policy, was unenforceable.

Under Texas law, therefore, enforcement of an oral agreement to employ the plaintiff for three years is barred by the Statute of Frauds and requires the dismissal of Count II of plaintiff's Second Amended Complaint.

We turn then to Count III of plaintiff's Second Amended Complaint. The plaintiff here seeks enforcement of a one year contract of employment. Plaintiff premises his entitlement to recovery under a one year contract on the fact that his contract with United was explicit as to an annual salary. Plaintiff relies upon Texas law for the proposition that "a hiring at a stated sum per week, month or year, is a

1298

definite employment for the period named." *Dallas Hotel Company v. Lackey,* 203 S.W.2d 557 (Tex.Civ.App.1947) writ ref. n.r.e.

In *Dallas* plaintiff had been discharged from his employment approximately 8 months after its commencement, and he alleged that his discharge prior to the expiration of a one year period constituted a breach of his one year contract. The plaintiff, relying on the prospect of employment, had sold his home in another city and moved his family and belongings to Dallas to begin work. The defendants maintained that plaintiff's employment was month to month based upon a letter sent to the plaintiff referring to a monthly salary and the agreement itself which contained a provision expressly stating that the contract was terminable at will. The court found that the correspondence took precedence over the terms of the agreement and since the letter also referred to a year-end bonus, and in light of plaintiff's reliance, the court concluded that the letter offer of employment covered a one-year period as a matter of law. Id. at 561. *See also,* Annot., 93 A.L.R.3d 659, 670 (1979).

Whatever disagreement exists as to the negotiations between DuSesoi and Logan, it is clear from the affidavits and exhibits provided to the court that the agreement between the parties contemplated an annual salary of $85,000. The figure is referred to in the letter of Logan to DuSesoi dated June 25, 1980, and is conceded to be accurate by the defendants.

Defendants, for their part, argue that the proposed annual salary creates merely a presumption of fact and not of law, and as such, may be overcome by the import of attendant circumstances. Among the attendant circumstances relied upon by the defendants are plaintiff's own allegations that the contract was for a term of three years and the court's prior determination that the term of the contract was left indefinite by design. As for defendants first line of argument, we see no reason to preclude plaintiff from presenting his breach of contract claims by way of alternative theories of recovery. Plaintiff has accomplished this by virtue of its Second Amended Complaint which avers specifically breach of a one year contract. As for the prior determination of the court respecting a one year contract, the court calls defendants' attention to footnote 2 of its prior opinion where the court refused to consider an alleged one year contract because it was not properly before the court. Plaintiff has amended his complaint accordingly and, noting sufficient authority for plaintiffs' position under Texas law, we find that Count III of the Second Amended Complaint states a valid cause of action. Defendants' Motion to Dismiss Count III of plaintiff's Second Amended Complaint therefore is denied.

ORDER

AND NOW, this 29 day of October, 1982, in accordance with the accompanying Opinion, IT IS ORDERED as follows:

(1) Defendants' Motion to Dismiss is GRANTED with respect to Part 2 of Count I and with respect to Count II;

(2) Defendants' Motion to Dismiss is Denied with respect to Parts 1 and 3 of Count I and with respect to Count III.

(3) The parties will complete all discovery by December 30, 1982.

(4) The Plaintiff shall file his pretrial narrative on or before January 15, 1983.

(5) The Defendants shall file its pretrial narrative on or before January 30, 1983.

(6) The parties shall stand ready for a pretrial conference thereafter at the call of the court.